CHAUNCEY SMITH, Appellant, *v.* ADOLPH FRANKFIELD, Respondent.

The reversal of a judgment destroys its efficacy as an estoppel.

This action was by a grantee for an alleged breach of covenant of seizin and of a good right to convey, contained in his deed. Plaintiff claimed that, before the deed was executed, defendant had contracted to convey the premises to another, which contract was in full force at the time of the execution of said deed. The only proof of the allegation was a judgment in an action brought by B., as the holder of the alleged contract, against defendant, to enforce the same, whereby it was adjudged that the contract was in force and a sale of the premises was directed. Such action was brought and *lis pendens* therein filed before plaintiff took his conveyance. Plaintiff, after said judgment, abandoned the premises. Plaintiff recovered judgment, and thereafter and pending an appeal therefrom, B's judgment was reversed on the merits; plaintiff thereupon moved to open the judgment herein on the ground that the reversal of B's judgment had deprived it of any force as an estoppel. The General Term vacated the

judgment and granted a new trial.  *Held,* that assuming B's judgment established plaintiff's right to recover, the reversal thereof destroyed its efficacy and subverted the ground of recovery herein; that the court below had power to relieve defendant by vacating the judgment; that motion for that purpose was in the nature of a motion for a new trial on newly discovered evidence, and was addressed to the discretion of the court below, which discretion was properly exercised here.

Also, *held,* that the case was not affected by the fact that plaintiff had, in reliance upon the correctness of B's judgment, allowed the property to be sold upon mortgages which he had assumed to pay.

(Argued May 19, 1879; decided May 27, 1879.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, reversing and setting aside a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term.    (Reported below, 13 Hun, 489.)

This action was brought to recover damages for an alleged breach of covenant of seizin and of a good right to convey, contained in a deed from defendant to plaintiff of certain premises in the city of New York.

The facts appear sufficiently in the opinion.

*William P. Fiero,* for appellant.    The covenant of seizin is satisfied only by the transfer of an indefeasible title. (Rawle Cov. for Title [4th ed.], 81; *Mott* v. *Palmer,* 1 N. Y., 564–574.)    The covenant of seizin applies to all titles adverse to the grantor. (*Abbott* v. *Allen,* 14 J. R., 248; *Garfield* v. *Williams,* 2 Vt., 328; *Fitch* v. *Baldwin,* 17 J. R., 161.)    If the grantor does not have the title absolutely indefeasible the grantee may surrender the property, and not waiting for an ouster or conviction commence action at once. (Wash. R. P. [3d ed.], 383; *Shattuck* v. *Lamb,* 65 N. Y., 499; Sedg on Dam., 172, 192, etc.; *Rickert* v. *Snyder,* 9 Wend., 416; 4 Kent; 2 Wash. Real. P., 703; *Hamilton* v. *Wilson,* 4 J. R., 72; *Pitcher* v. *Livingston,* id., 1; *McCarty* v. *Legett,* 3 Hill, 134; *Fowler* v. *Powling,* 2 Barb., 300; *Bingham* v. *Widerwax,* 1 N. Y., 509; *Abbott* v. *Allen,* 14 J. R., 248, 252; *Morris* v. *Phelps,* 5 id., 49; *West* v.

*Stewart*, 7 Penn. St., 122; *Fitch* v. *Baldwin*, 17 J. R., 161; Rawle Cov. for Title [3d ed.], 110; Walk. Am. Law, 382; *McGarry* v. *Hastings*, 2 Am. R., 456, 459; Gerard's Titles, [new ed.], 508; 2 Hilliard R. P., 373, 374, 382, 385, 386; Willard on R. E., 412, etc.; *Garfield* v. *Williams*, 2 Vt., 328.) The covenant of good right and lawful authority to convey is synonymous with the covenant of seizin. (*Rickert* v. *Snyder*, 9 Wend., 421; *Pitcher* v. *Livingston*, 4 J. R., 1; *Bennet* v. *Jenkins*, 13 id., 50; *Bingham* v. *Weiderwax*, 1 N. Y., 509; *Fitch* v. *Baldwin*, 17 J. R., 161.) A deed under a foreclosure of a mechanic's lien carries legal title. (*Conkright* v. *Thomson*, 1 E. D. Smith, 662; *Althouse* v. *Warren* 2 id., 657; *Randolph* v. *Leary*, 4 Abb., 205, 208; *Livingston* v. *Miller*, 16 id., 371; *Patterson* v. *Stewart*, 6 Watt. & Seg., 527.) This was clearly a cloud on the title and such a cloud that the court would not compel a purchaser to take during its existence. (*Watts* v. *Waddle*, 6 Pet., 402; *Bissell* v. *Kellogg*, 60 Barb., 617–629.) The *lis pendens* and complaint in case of *Bostwick* v. *Frankfield* was as effectual against any disposition of the property by Frankfield as an injunction would have been. (*Stevens* v. *Fayerweather*, 21 How., 449; *Hall* v. *Nelson*, 23 Barb., 88; *Harrington* v. *Slade*, 22 id., 162; *Zeiter* v. *Bowman*, 6 id., 133; *Jeffres* v. *Cochrane*, 48 N. Y., 671; *Griswold* v. *Miller*, 15 Barb., 520; *Bebee* v. *Bank of N. Y.*, 1 J. R., 566; *Cleveland* v. *Boerum*, 24 N. Y., 613, 617; *Ostrom* v. *McLann*, 21 How., 481.) Defendant having been guilty of great and inexcusable laches in carrying out his side of the contract, this court will not require the plaintiff to wait his dilatory movements. (*Watts* v. *Waddle*, 6 Pet., 402; *Jackson* v. *Edwards*, 22 Wend., 498; *Merchants' Bank* v. *Thompson*, 55 N. Y., 12; *Holt* v. *Rogers*, 8 Pet.) The judgment in *Bostwick* v. *Frankfield* was *res adjudicata*, being a confirmation of Bostwick's claim of title to the property. (2 Smith's Lead. Cases, 552, 553; *Craig* v. *Ward*, 36 Barb., 383; *Castle* v. *Noyes*, 14 N. Y., 329; *Doty* v. *Brown*, 4 id., 71; *Kingsland* v. *Spaulding*, 3 Barb. Ch., 341;

*Embary* v. *Conner*, 3 N. Y., 511; *Ehle* v. *Bingham*, 7 Barb.) During the existence of such adjudication the court will protect every person obeying it. (*Lovet Ger. Ref. Church*, 12 Barb., 67; *Allen* v. *Dundas*, 3 Term R., 129; *Bank of U. S.* v. *Bank of Washington*, 6 Pet., 8; *Smith* v. *Dixon*, 14 Law Jour., 344; 12 Abb., 473; *Simpson* v. *Hornbeck*, 53.) In an action on the covenant of seizin in a deed the defendant is not allowed to give in evidence a title acquired by him subsequent to the bringing the action; but the rights of the parties are to be determined as of the time of bringing the action. (*Morris* v. *Phelps*, 5 J. R., 48; *Hambleton* v. *Veere*, 2 Sand., 171 c.; *Evans* v. *Prosser*, 3 Term Rep., 186; *Le Bret* v. *Papillon*, 4 East., 507.)

*Charles Tracy*, for respondent. In this action, on the covenants of seizin and right to convey, the plaintiff is confined to the breaches alleged, namely, that the defendant was not seized, and had no right to convey. (2 Wash. on R. P., 649; Cruise's Dig., T. 32 c., 25, §§ 45, 46.) Such a covenant is broken as soon as made or never. (2 Wash. on R. P., 649; *Mott* v. *Palmer*, 1 N. Y., 564.) In this issue the plaintiff has the *onus probandi* and must prove that the defendant was not seized. (2 Greenl. Ev., 241; 1 id., 89; *Potter* v. *Hitchen*, 5 Bos., 566, 575; *Schlessinger* v. *Hexter*, 2 J. & S., 499, 503.) Nothing but a legal title existing in a stranger at the time of making the covenant can establish the alleged breach. (*Fitch* v. *Baldwin*, 17 J. R., 161, 165; *Coit* v. *McReynolds*, 2 Bos.; 2 Wash. on R. P., 657, 658.) The deed from Thrall to defendant, of December 11, 1869, coupled with defendant's possession of the premises thereunder, proved *prima facie* that defendant was seized of the premises, and had good right to convey. (*People* v. *Van Nostrand*, 9 Wend., 50, 53; *Day* v. *Alverson*, id., 223; *People* v. *Leonard*, 11 J. R., 504, 510; *Pitney* v. *Leonard*, 1 Paige, 461; *Hill* v. *Draper*, 10 Barb., 458; *Coit* v. *McReynolds*, 2 Robt., 655.) The order for a new trial was properly granted on the ground of the reversal

of the judgment in *Bostwick* v. *Frankfield.* (*Hall* v. *Andrews,* 65 N. Y., 572; *Wood* v. *Jackson,* 8 Wend., 9, 36; *Chamberlain* v. *Choles,* 35 N. Y., 477; *Briggs* v. *Bowen,* 60 id., 454; *Gilchrist* v. *Comfort,* 26 How. Pr., 394; *People* v. *Meyow,* 11 Abb., 66.)

ANDREWS, J. The reversal of the judgment in the suit of *Bostwick* v. *Frankfield* subverted the basis and ground of the judgment in this case. The plaintiff, to sustain the allegation of a breach of the covenants of seizin and of a good right to convey, relied upon the fact that before the deed to the plaintiff was executed, the defendant had entered into a contract to sell the premises embraced therein to one Thrall, and that the contract was in full force when the plaintiff's deed was executed, and entitled Mrs. Bostwick, who had acquired Thrall's interest in the contract, to demand a conveyance of the land upon payment of the unpaid purchase-money. To establish the existence of this contract, the plaintiff was permitted, against the objection of the defendant, to introduce the judgment in the action of *Bostwick* v. *Frankfield,* brought to enforce the alleged contract with Thrall, whereby it was adjudged that the Thrall contract was in force, and the judgment directed a sale of the premises embraced therein and a conveyance to the purchaser. The judgment was claimed to be an estoppel against the plaintiff in this action, although he was not a party to the record, on the ground that he took his conveyance after the suit of *Bostwick* v. *Frankfield* had been commenced, and after the filing of a *lis pendens* therein, although he was in possession under a contract of purchase when that action was commenced. Independently of the judgment record, there was no evidence of the existence of the Thrall contract, or of any fact tending to show a breach of the covenants in the deed to the plaintiff. Subsequent to the judgment in this action the judgment in the *Bostwick Case* was reversed on the merits. The defendant thereupon moved at the Special Term to open the judgment in this action, on the ground

that the reversal of the judgment in the *Bostwick Case* had deprived it of any force as an estoppel, and that the defendant should not be held to be bound by the estoppel of a judgment which had been set aside. The General Term vacated the judgment in this action and directed a new trial. We deem it unnecessary to decide whether, if the defendant had contracted to sell the premises to a third person by a contract in force when he conveyed to the plaintiff, this would constitute a breach of the covenants sued upon, or whether the judgment in the *Bostwick Case* was binding upon the plaintiff and concluded him from questioning the fact determined thereby, so long as it remained in force. If he was not bound by it, he could not, according to the general rule, take advantage of it : (Co. Litt., 352, *a* ; *Gaunt* v. *Wainmann*, 3 Bing. [N. C.], 69 ; 2 Smith's Lead. Cas., 587.) But assuming that the judgment in the *Bostwick Case* established the plaintiff's right to recover, the reversal shows that the judgment was erroneous. If the reversal had been had before the trial or judgment in this action, it would have been a complete defense to the plaintiff's case. The estoppel of a judgment is set at large by a reversal : (*Delannay* v. *Burnett*, 4 Gill., 454 ; *Wood* v. *Jackson*, 8 Wend., 9.) The motion for a new trial, on the ground of the reversal of the judgment in the *Bostwick Case*, was addressed to the same sound discretion of the court. It is analogous to a motion for a new trial on newly discovered evidence. The erroneous judgment in the *Bostwick Case* was not attributable to any fault of the defendant. He procured its reversal by appeal in the ordinary way. Meanwhile the plaintiff, assuming the validity of the judgment, abandoned the premises and brought his action on the covenants in the defendant's deed. There has been no sale under the Bostwick judgment, and no title to the property acquired thereunder. The reversal shows that the judgment was wrong from the beginning. (*Hall* v. *Andrews*, 65 N. Y., 572.) If the plaintiff has, as is claimed, relying upon the correctness of the Bostwick judgment, allowed the property to be sold upon mortgages

which he assumed to pay, it is his misfortune. The court had power, in the exercise of its equitable jurisdiction, to relieve the defendant by vacating the judgment in this action; and we are of opinion that the order of the General Term was right and should be affirmed.

All concur.

Order affirmed and judgment absolute for defendant on stipulation.