# City Court.

## Trial Term—January, 1886.

## BRIDGET MULCAHY against FRANCIS C. DEVLIN, IMPLEADED, ETC.

A deposit was made with the Church of Alphonsus to the credit of Bridget or Ellen Mulcahy. On such a deposit the church might have paid the money to either depositor in the absence of notice to the contrary; but after notice from one of the depositors not to pay the other, the case was a proper one for interpleader, and if the church had paid the one after notice from the other not to pay, the one giving the notice might have maintained an action to recover the proportion of the deposit belonging to her.

In this case, the defendant, as attorney for one of the depositors, drew the entire fund, and while it was in his hands, the other depositor demanded it as belonging to her, notwithstanding which notice he paid it to his client. *Held*, that under such circumstances the attorney was liable to the depositor giving the notice for the portion of the fund belonging to her.

Motion for a new trial on the minutes.

*Jacob A. Gross*, for motion.

*A. Kling*, opposed.

McADAM, Ch. J.—The money withdrawn from the Church of Alphonsus was deposited to the credit of Bridget or Ellen Mulcahy. On such a deposit the church

might have paid the money to either depositor, in the
absence of notice to the contrary; but after notice from one
of the depositors not to pay the other, the case presented a
proper one for interpleader, and if the church had paid the
one after notice from the other not to pay, the one giving
the notice might, notwithstanding the payment, have main
tained an action against the church for the amount of the
deposit which belonged to her (Mulcahy v. Emigrant
Industrial Savings Bank, 89 N. Y. 435).   No notice not to
pay was given to the church, and it paid the entire money
on deposit over to the defendant Devlin as the attorney
of Ellen Mulcahy, one of the depositors, who counted it
over to his client, but it was immediately thereafter
returned to him and remained with him for some weeks
thereafter.   The form of the deposit was such as to carry
with it notice that each depositor might have some inter-
est in the fund, the extent of which was as yet undeter-
mined.  While the money was in the hands of the defendant
charged with this constructive notice, the plaintiff notified
the defendant that the fund belonged to her, and that she
demanded its payment.   The defendant, notwithstanding
this notice, deducted his fee and paid over the balance of
the money to his client.   There have been three trials of
this action.  Upon the first trial, the verdict was obtained
by the plaintiff against Ellen Mulcahy and the defendant
Devlin, for the amount of the fund withdrawn, upon the
gronnd that the money, to the extent of $400 and interest,
belonged to the plaintiff, and that the defendants had
wrongfully misappropriated it.  Upon appeal the judgment
as to the defendant Ellen Mulcahy was affirmed, but as to
the defendant Devlin it was reversed on the ground that
he was not liable for the wrong.   The judgment against
Ellen Mulcahy still remains of force unreversed, and its
effect as an adjudication conclusive as to the ownership of
the fund will be discussed further on.   Upon the new trial
ordered as to the defendant Devlin, the complaint was dis-
missed on the ground of non-liability for the wrong.

The general term of the city court affirmed the judgment entered on the dismissal, but on further appeal to the court of common pleas, that court at general term reversed the adjudications made below, upon the ground, as near as can be ascertained, that the question of notice to the defendant Devlin not to pay over, while the money was in his possession, ought to have been submitted to the jury, to the end presumably that if he paid over the money after notice of the plaintiff's claim he was liable to her in the present form of action for the possession of the money belonging to her which he disposed of, in the same manner and to the same extent as if the money had not been paid over. I suppose this was upon the theory that, having become possessed of the plaintiff's property, that after notice and demand he became liable to her for it, the same as he would have been if he had received a horse or any article of merchandise to which she had title. I have had to suppose some of these things, because the court of common pleas, on reversing the general term of the city court, evidently thought the questions involved were so plain that it was not necessary to put the grounds of reversal in the form of a written opinion which might have been obtained at once, from the files of that court, for the guidance of the trial judge upon the new trial which it directed. If I am correct in assuming that the court of common pleas held that, if after due notice to the defendant, that the fund belonged to the plaintiff, and after proper demand by the latter he refused to pay her, but delivered the money to his client, that he was liable in the present form of action for the portion of the money belonging to the plaintiff, there is but little left to consider on this motion.

The questions of notice and demand were submitted to the jury, who found for the plaintiff, so that the questions which the common pleas held should have been submitted to the jury on the former trial, were properly submitted on the trial just had, and the verdict in favor of the plaintiff effectually disposes of the case, unless error

Mulcahy v. Devlin.

was committed in holding that the unreversed adjudication between the plaintiff and Ellen Mulcahy, the rival claimants to the fund, was conclusive, as to the plaintiff's title, on the theory that the defendant, as the attorney and agent of Ellen Mulcahy, was privy thereto, and therefore bound by it.

To render a former adjudication a bar, it must appear that the litigation was between the same persons or their privies. By privies are meant persons who are represented by the parties, and who claim under them or in privity with them, who have mutual or successive relationship to the same right or thing (Goddard v. Benson, 15 Abb. Pr. 191).

The question litigated was whether the fund belonged to Bridget or Ellen Mulcahy, and the judgment in the action between them determining that the fund belonged to the plaintiff, forever settled that controversy. The action was litigated, the defendant had notice of it; in fact he was a party to the same action, appeared upon the trial, took part in it, and, while the adjudication was reversed as to him, such reversal in no way impaired the question of title which the adjudication established, and which has been left in full force and effect. Suppose the jury had found, in favor of Ellen Mulcahy, that the fund belonged to her, could Bridget, after that adjudication, have maintained an action against Ellen's attorney (the defendant Devlin) for paying over to her the money? I think not. Devlin might have pleaded the adjudication in bar of such an action, and it would have been conclusive.

The judgment was a sort of adjudication in rem, and conclusive not only between the parties, but against any one claiming the same fund as agent of either of the contestants.

If Ellen Mulcahy had no right to withhold the fund from the plaintiff, the defendant could not, as the agent of Ellen, assert greater right in respect thereto than his

principal (see Tasker *v.* O'Brien, 68 *N. Y.* 447; Craig *v.* Ward, 36 *Barb.* 377; Greene *v.* Clarke, 12 *N. Y.* 343; 6 *Wait's Actions & D.* 801). The defendant ought to have followed out the course pointed out in Mulcahy *v.* Emigrant Industrial Savings Bank, *supra.* He should have moved for an interpleader, and allowed Bridget and Ellen to have settled the question of title in an action between themselves, and he might have relieved himself from all liability by this simple procedure, accompanied by the deposit of the fund in court.

The notice given by the plaintiff, followed by a demand for the money, practically impounded the fund in his hands, and, as the payment over to Ellen Mulcahy after notice and demand has been held to be no defense, the fund is in legal effect in his hands still, with this difference in the situation of the rival claimants : the defendant could not then safely determine which of them to pay, but the adjudication since made has effectually removed this doubt, and the plaintiff, by the judgment of the court, has been adjudged to be entitled to $400 and interest, and for this amount the jury on the present trial awarded a judgment against the defendant Devlin. The identity of the fund having been established and having remained intact, the defendant's refusal to pay it over to the plaintiff gave the plaintiff the cause of action on which she has recovered. The cases relied upon by the defendant (Wood *v.* Jackson, 8 *Wend.* 10; Hall *v.* Andrews, 65 *N. Y.* 572; Smith *v.* Trowbridge, 77 *N. Y.* 414) simply declare the existence of a general rule that where a judgment is reversed it ceases to operate as an estoppel, as the reversal destroys its value and legal effect. If the judgment as to Ellen Mulcahy had been reversed, these decisions would have become applicable. As it is unreversed and in full force and virtue, they have no application whatever to the question presented here.

Upon the entire case, the maxim *interest republicæ ut sit finis litium* applies; the question of title was conclusively

adjudicated upon the former trial; the parties directly interested in that question are concluded by the result which remains unreversed and unimpaired ; the questions necessary to connect the defendant with the wrong of which the plaintiff complains, have been passed upon by the jury adversely to the defendant, and their verdict on the disputed facts is conclusive. No error was committed in admitting the former record in evidence, or in holding the adjudication to be conclusive on the subject of title to the fund.

The motion for a new trial must, therefore, be denied.

### Joint Deposits.

Where money is deposited in the joint names of two, either may draw the money (Platt v. Crubb, 41 *Hun*, 447).

### Husband and Wife.

Where a deposit is made in the joint names of husband and wife, it inures to both, and the whole goes to the survivor (Platt v. Crubb, *supra*). This old rule of law is still prevalent in this State (Bertles v. Numan, 92 *N. Y.* 152). Where a married woman, possessed of separate personal property, dies without having made any disposition of it in her life-time, or by way of testamentary appointment, the title thereto vests in her surviving husband, and cannot be affected by the granting of administration upon her estate to any other person (Ransom v. Nichols, 22 *N. Y.* 110 ; Ryder v Hulse, 24 *Id.* 372 ; Barnes v. Underwood, 47 *Id.* 351).