JOSEPHINE M. L. FLEET, Respondent, v. CHARLES H. KALBFLEISCH and Others, Executors, etc., Appellants.

*Practice — a motion for a new trial based on the failure of the court to file a decision, may be denied because of the laches of the moving party — Code of Civil Procedure, sec. 1010.*

This action, brought by the plaintiff to compel the defendants, as executors of her father's will, to pay a water tax and certain assessments alleged to be liens upon property devised to her by the testator, was tried at the Kings County Special Term in December. 1876. The court decided, orally, in favor of the plaintiff so far as the water tax was concerned, but against her as to the assessments, but never filed any written decision in the cause. In September, 1886, the plaintiff moved for and obtained an order granting a new trial, to which she claimed to be entitled, by the language of section 1010 of the Code of Civil Procedure, which provides that in such a case "the court *must* make an order for a new trial, either absolutely or unless it (the decision) is filed, within a time specified in the order."

*Held,* that, assuming that the section is mandatory, whenever an application thereunder is reasonably made, inexcusable delay will deprive a party of the right to an absolute or conditional order for a new trial on the ground that no decision in writing has been filed, when that party has apparently acquiesced in the oral decision of the case, and has allowed his adversary in the suit to part with money on the faith of his apparent acceptance of the result.

That as no adequate excuse was offered in this case for the extraordinary laches of the plaintiff in making the motion, the order granting it should be reversed.

APPEAL by the defendants from an order made September 27th, 18~6, at the Kings county Special Term, by the justice before whom the action was tried, granting a new trial, pursuant to section 1010 of the Code of Civil Procedure.

The action is brought by the plaintiff, who is the daughter and devisee of the late Martin Kalbfleisch, to compel his executors to pay and discharge certain assessments for benefit, levied in installments, pursuant to chapter 228 of Laws of 1863, and a water-rate, levied and confirmed in the life-time of the testator on the realty devised by his will to the plaintiff.

The answer admitted the duty of the defendants to pay the water-rate and offered to pay the same, and denied the validity of the assessments and the indebtedness of the testator thereon. The cause was tried at Special Term, December 28, 1876, before Mr. Justice PRATT, without a jury. At the trial the court decided orally in

favor of the plaintiff for the water-rate; but as to the assessments the court, on the authority of the case of the *People, ex. rel., Ross* v. *The City of Brooklyn,* then recently decided at General Term, held that they were invalid. This case of Ross was afterward reversed by the Court of Appeals. (See 69 N. Y. Rep., 605.) No decision in writing has ever been made, nor has any judgment ever been entered.

*William N. Dykman,* for the appellants.

*Edward V. B. Kissam,* for the respondent.

BARTLETT, J.:

Under section 1010 of the Code of Civil Procedure, if the written decision of the court, upon the trial of an issue of fact or of law, is not filed in the clerk's office within twenty days after the final adjournment of the term at which the issue was tried, either party may move at Special Term for a new trial upon that ground. This case was tried at the Kings county Special Term in December, 1876. The action was brought to compel the payment of a water-tax and certain assessments, and upon the trial the court decided orally in favor of the plaintiff, so far as the water tax was concerned, but against her as to the assessments. The answer admitted the validity of the water tax, and offered to pay it, so that no issue was really litigated as to that part of the plaintiff's claim. The trial court has never filed any written decision in the cause, and upon this ground the plaintiff insists that she is entitled to the new trial which was granted her nearly ten years after the action was originally tried. Referring to the language of section 1010, which provides that the court *must* make an order for a new trial, either absolutely or unless the decision is filed within a time therein specified; she asserts that the court had no discretion to refuse to make the order under the circumstances of the case.

We do not think the requirements of this provision of the Code are so peremptory that a litigant may not lose its benefits by gross laches. Assuming that the section is mandatory wherever an application thereunder is seasonably made, inexcusable delay will deprive a party of the right to an absolute or conditional order for a new trial, on the ground that no decision in writing has been

filed, when that party has apparently acquiesced in the oral decision of the case, and has allowed his adversary in the suit to part with money on the faith of his apparent acceptance of the result. No adequate excuse is offered here for the extraordinary laches of the plaintiff in making this motion. She says the trial court decided against her on the authority of a case in which the judgment has since been reversed by the Court of Appeals, but that reversal was in 1877, and this motion was not made until 1886. The plaintiff's attorney declares that he relied upon the late Philip S. Crooke, Esq., who was of counsel herein, to inform him of such reversal, but the information did not reach him before January, 1886. This apology for the delay seems to us utterly insufficient. The defendants are executors, who have made large payments in reliance upon the plaintiff's apparent abandonment of her claim, and would be obliged to pay part of it personally if it were now enforced. In view of this fact, and the length of time which has elapsed since the oral judgment was pronounced, we are clearly of the opinion that the litigation ought not now to be reopened, under the provisions of section 1010 of the Code of Civil Procedure.

It is suggested by plaintiff's counsel, however, that the motion which resulted in the order under review is analogous to a motion on the minutes for a new trial on account of error in the rulings of the judge. If it is to be regarded in this light, the order certainly cannot be sustained, as there is nothing in the appeal papers to show that any error was committed. The conclusion reached by the trial judge may have been entirely correct, notwithstanding his citation, in support of that conclusion, of a case which was subsequently reversed. The correctness of his rulings must be reviewed, if at all, upon an appeal from the judgment, which the plaintiff may still cause to be entered at any time. The case of *Smith* v. *Frankfield* (77 N. Y., 414) does not hold that a new trial should be granted because of the reversal of a decision cited in the opinion of the trial court, but does decide that when a judgment which has been proved as an estoppel is reversed there ought to be a new trial of the case in which the judgment was thus proved. No such question as was there involved arises here.

For these reasons the order appealed from should be reversed. Inasmuch, however, as the appellants avow their willingness to pay

the Powers street assessment, this reversal should be on condition that said assessment be paid. No costs will be allowed to either party on this appeal.

BARNARD, P. J. :

If the improvement under chapter 228, Laws of 1863, had been done under State authority, upon the credit of the whole city, and a tax of five per cent of the gross amount had been directed to be raised by taxation yearly, there would be no serious question but that the land in question would have been free from lien. If the bonds of the city had been authorized for the improvement, to be repaid by taxation at the rate of five per cent a year, the result would not have been different. By the law in question a district assessment was created, and the total cost of the work was to be imposed upon this district. Bonds of the city were given, and the total cost was to be collected in twenty annual installments. Each of these installments was decreed to be a part of the tax on said lands for the general expenses of the city. It seems plain to me that no portion of the assessment became a lien on the land until the portion thereof was added to the tax rate of the year. The assessment was spread over twenty years, a district of assessment was created, and the basis of taxation was established, but only the year installment became a lien, technically so called, when the supervisors signed the tax levy. Assuming, therefore, that the original decision was based upon the illegality of the assessment, the judgment itself was right.

The time is too long and the neglect too great to justify the application. The case was tried in 1876, and decided at once. The assessment was held legal in 1877. The judgment was silently accepted. No formal decision was made, and the executors and, apparently, Mr. Fleet acquiesced in it. The executors had paid out so far that if this assessment is put on the estate they will be the losers. The motion should, therefore, be denied for the long delay.

Judgment reversed, upon condition that the Powers street assessment is paid by the executors, with interest, as required by the law imposing the assessment.

Present — BARNARD, P. J., DYKMAN and BARTLETT, JJ.

Order granting new trial reversed, on condition that the Powers street assessment be paid, with the interest on it.