MAY I. PETERSON, Appellant, *v.* THE OCEAN ELECTRIC RAILWAY COMPANY, Respondent.

Appellate Division — judgment of Appellate Division dismissing a complaint — not a judgment on the merits, but similar to judgment of nonsuit on the trial.

A judgment of the Appellate Division, rendered pursuant to section 1317 of the Code of Civil Procedure, which simply dismisses a complaint is not a judgment on the merits. It is no broader than a judgment of nonsuit on the trial.

*Peterson* v. *Ocean Electric Ry. Co.*, 161 App. Div. 720, affirmed.

(Argued January 12, 1915; decided January 26, 1915.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 24, 1914, upon an order reversing a judgment in favor of the plaintiff entered upon a verdict and directing a dismissal of the complaint.

The nature of the action is stated in the opinion.

*Albert Haight* and *Louis Steckler* for appellant. The Appellate Division exceeded its jurisdiction in dismissing the plaintiff's complaint in each action and ordering final judgment with costs against them. (Const. of N. Y. art. 1, § 2.) The amendment of section 1317 of the Code of Civil Procedure by the legislature in 1912 properly con-

strued did not empower the Appellate Division to order final judgment against plaintiffs in actions at law, but in case of a reversal required a new trial to be ordered before a jury. (*Whitehead* v. *Kennedy*, 69 N. Y. 462; *Guernsey* v. *Miller*, 80 N. Y. 181; *Astor* v. *L'Amoreaux*, 8 N. Y. 187; *New* v. *New Rochelle*, 158 N. Y. 41; *Dixon* v. *James*, 181 N. Y. 129; *Duclos* v. *Kelley*, 197 N. Y. 76; *Elliott* v. *Guardian Trust Co.*, 204 N. Y. 214; *Putnam* v. *Lincoln S. D. Co.*, 191 N. Y. 166; *Parsons* v. *Bedford*, 3 Pet. 433; *Capital Traction Co.* v. *Hof*, 174 U. S. 1.)

*Alfred A. Gardner* and *Joseph F. Keany* for respondent. The Appellate Division had power to dismiss the complaints. Chapter 380, Laws of 1912, is constitutional. (*Bothwell* v. *Boston El. Ry. Co.*, 215 Mass. 467; *Fisher* v. *Sharadin*, 186 Penn. St. 575; *Boyle* v. *Mahonoy City*, 187 Penn. St. 1; *American Car & Foundry Co.* v. *Alexandria Water Co.*, 221 Penn. St. 529; *Anderson* v. *Johnson Co.*, 116 Minn. 56; *Muench* v. *Heinemann*, 119 Wis. 441; *Hay* v. *Baraboo*, 127 Wis. 1; *Bailey* v. *Willoughby*, 33 Okla. 194; *McVeety* v. *Harvey Mercantile Co.*, 139 N. W. Rep. 586; *Fishburne* v. *Robinson*, 49 Wash. 271; *Roe* v. *Standard Furniture Co.*, 41 Wash. 546; *Cruikshank* v. *St. Paul, F. & M. Co.*, 75 Minn. 266.)

*Per Curiam.* The plaintiff sues to recover damages for personal injuries, resulting, it is charged, from the defendant's negligence. She had a verdict in her favor at the Trial Term. At the Appellate Division the judgment was reversed and the complaint dismissed. The conclusion of that court was that the plaintiff had failed as a matter of law to prove her own freedom from contributory negligence, and in that conclusion we concur. We are now asked to hold that the Appellate Division was without power to dismiss the complaint, and that the judgment should be modified by directing a new trial.

The jurisdiction of the Appellate Division in such circumstances is no longer an open question in this court. It is established by our decision in *Middleton* v. *Whitridge* (213 N. Y. 499). (See also: *Bullock* v. *N. Y. C. & H. R. R. R. Co.*, 213 N. Y. 694, and *Junkermann* v. *Jankelson*, 213 N. Y. 404, decided at the same time.) The plaintiff argues that the motion to dismiss the complaint, if granted at the Trial Term, would have resulted in a nonsuit only; that a nonsuit would not bar another action; but that the judgment of the Appellate Division, because characterized in the statute as final (Code Civ. Pro. § 1317), extinguishes the plaintiff's right forever. The judgment before us leads to no such consequences. It is not a judgment on the merits. It merely dismisses the complaint. We do not doubt that the Appellate Division has the power to direct judgment on the merits in any case where a motion for that relief has been made at the Trial Term and has been erroneously denied. In this case, however, the only motion was for the dismissal of the complaint, and the judgment of the Appellate Division is no broader than the judgment of nonsuit which was asked for at the trial. It is final, because it is not interlocutory. It puts an end to this action, but another action is not barred. (Code Civ. Pro. §§ 405, 1209.)

The judgment should be affirmed, with costs.

WILLARD BARTLETT, Ch. J., HISCOCK, COLLIN, CUDDEBACK, HOGAN and CARDOZO, JJ., concur; SEABURY, J., dissents on the ground that the plaintiff was not as matter of law guilty of contributory negligence.