DANIEL MACK, Plaintiff, *v.* WALKER D. HINES, as Director-General of Railroads, Defendant.

(Supreme Court, Kings Special Term for Motions, June, 1920.)

Actions — when motion to restore will be granted — damages — negligence — judgments — federal statutes.

> Where the complaint in a common law action, to recover damages for negligently causing personal injuries, was dismissed upon the ground that a federal statute, since declared unconstitutional, null and void, provided another and exclusive remedy, a motion to vacate the judgment of dismissal and restore the action for trial on the merits, will be granted in the furtherance of justice even though the time to appeal from the judgment has expired.

MOTION to vacate and set aside a judgment.

Fred M. Ahern, for plaintiff.

Benjamin C. Loder, for defendant.

FAWCETT, J. This is a motion to vacate and set aside a judgment of dismissal of plaintiff's complaint at Trial Term and restore the action for trial upon the merits, upon the ground that the statute depriving this court of jurisdiction to try and determine the issues raised by the complaint and invoked and acted upon in such dismissal, has been declared unconstitutional, null and void by a court of last resort, to wit, the Supreme Court of the United States. The motion is made before the same justice who presided at the trial, after the time to appeal from the judgment has expired.

Plaintiff being permanently injured by the negligence of another, brought his action for damages at common law. The defendant invoked, against the common law jurisdiction of the action, a statute of the

Supreme Court, June, 1920.     [Vol. 112.

United States providing another and exclusive remedy. The court, accepting the statute as valid, sustained the motion of defendant and dismissed the complaint.

Since which time the United States Supreme Court in the case of *Knickerbocker Ice Company,* plaintiff in error, versus *Lillian E. Stewart* (not as yet published), declared the statute, upon the existence of which the court dismissed plaintiff's action, unconstitutional, null and void.

The question now presented is whether the court, under the circumstance, can restore the action for trial on the merits. The Supreme Court of the state of New York retains control over its judgments and may, without regard to any statutory authority, at any time open them on the application of anyone for any sufficient reason in the furtherance of justice. *Ladd* v. *Stevenson,* 112 N. Y. 325; *Wetmore* v. *Law,* 34 Barb. 515; *Smith* v. *Frankfield,* 77 N. Y. 414; *Matter of Doey* v. *Howland Co.,* 224 id. 30. In *Smith* v. *Frankfield,* 77 id. 414, a judgment in another suit was claimed to be an estoppel and such judgment was subsequently reversed and the judgment in the cited case was set aside on motion upon the ground that: '' If the reversal had been had before the trial or judgment in this action, it would have been a complete defense to the plaintiff's case.''

In *Wetmore* v. *Law,* 34 Barb. 515, a judgment enjoining the construction of a railroad had been obtained upon the ground that such construction was unauthorized. Subsequently the legislature authorized it and a motion to vacate the judgment was made. The court held that a motion was the proper procedure and further that: '' Where the ground upon which the judgment was ordered, viz.: the absence of any legal sanction to the act enjoined, has since been removed, by authorizing the doing of the act, this will present a *prima facie* case for the application of the rule.''

The judgment of dismissal in the instant case remanded plaintiff to the state industrial commission for such relief as he might be entitled to. The commission made an award in his favor and he has received since this award some $1,100. Under this award, he is entitled to approximately $2,500, in bi-weekly payments. The state industrial commission was without authority to herein determine the subject matter of plaintiff's claim. Their adjudication is a nullity and will be so declared at the instance of any party affected thereby. *Matter of Doey* v. *Howland Co., supra.* The insurance carrier is subject to the control of the insurance department, and cannot disburse its funds in payment of a void judgment. It is safe to assume that nothing more will be paid on that award even though the plaintiff in this action were willing to accept it. If this judgment may not be opened, we have the anomaly of plaintiff's judgment being rendered null because based upon void statute and the judgment against him, based upon the same statute, held to be binding and unimpeachable. The whole power of the court to relieve from judgment taken through mistake, inadvertence, surprise or excusable neglect is not limited by section 724, but, in the exercise of its control over its judgments, it may open them upon the application of anyone for sufficient reason in the furtherance of justice. *Ladd* v. *Stevenson, supra.* It is a power exercised continuously and grows out of the control it has over its own records and judgments and the actions pending therein. There are so many occasions for its exercise that it should not be curtailed. Whether the power shall be exercised in any case rests in its discretion, with the exercise of which this court will not ordinarily interfere. The power must not be arbitrarily exercised so as to deprive a party of a valuable right secured but when

the facts exist showing that the ends of justice may require its exercise, the Supreme Court must deal with its own records. *Weston* v. *Citizens National Bank,* 88 App. Div. 337. It is our boast that the common law is elastic enough to fit itself to new conditions and to progress *pari passu* with advancing civilization and our ever-growing humanitarianism. *Drovner* v. *Peters,* N. Y. L. J., May 25, 1920. The solemnity of a judgment is upheld mainly upon the ground of its conclusiveness and that the successful party has earned and is entitled to his repose. In the instant case, that feature is eliminated for the judgment of dismissal is not a bar to the bringing of a new action (Code Civ. Pro. § 1209; *Peterson* v. *Ocean El. Co.,* 214 N. Y. 43), and a court declining to entertain jurisdiction of an action leaves the parties where it found them.

The circumstances under which this application is made are most unusual. It seems to me this court has the power in its discretion to vacate the judgment and restore the case to the calendar in furtherance of justice.

Motion granted.