CORA BELLE LUCE, as Administratrix of the Estate of WALTER M. LUCE, Deceased, Plaintiff, *v.* NEW YORK, CHICAGO AND ST. LOUIS RAILROAD COMPANY, Defendant.

Supreme Court, Erie County, March 18, 1925.

Judgments — res judicata — judgment of Appellate Division dismissing complaint on merits in action for failure to comply with Federal Boiler Inspection Act is not bar to action between same parties under Federal Employers' Liability Act — Civil Practice Act, § 482, and Rules of Civil Practice, rule 107, subd. 5, do not bar litigation of new cause of action not alleged in complaint in prior action — testimony of coemployees on former trial did not affect determination of first cause of action.

An action under the Federal Employers' Liability Act, predicated upon a complaint alleging interstate commerce and negligence of plaintiff's intestate's coemployees in the operation of a train which killed plaintiff's intestate, is not barred by a judgment of the Appellate Division dismissing, upon the merits, the complaint in a prior action alleging negligence of the defendant only in that it failed to conform to the Federal Boiler Inspection Act, since the complaint in the present action sets forth a new cause of action and does not restate the prior cause of action, nor any cause of action set out in the complaint in the former action. Moreover, the complaint in the former cause of action contained no allegations upon which evidence could have been presented to establish a violation of the Federal Employers' Liability Act by reason of the negligence of the coemployees of plaintiff's intestate.

Section 482 of the Civil Practice Act and subdivision 5 of rule 107 of the Rules of Civil Practice do not bar the litigation of a new cause of action not alleged in the complaint in a prior action between the same parties.

Testimony concerning defendant's brakemen and their conduct, presented upon the former trial, cannot be said to have affected the determination of that cause of action, since it was decided upon insufficiency of proof of the defective locomotive and equipment, forbidden by the Federal Boiler Inspection Act.

MOTION by defendant for a dismissal of plaintiff's complaint, under section 277 of the Civil Practice Act and subdivision 5 of rule 107 of the Rules of Civil Practice, on the ground that there is

an existing judgment rendered on the merits determining the same cause of action between the parties herein.

*Hamilton Ward,* for the plaintiff.

*Evan Hollister,* for the defendant.

HINKLEY, J.:

On April 24, 1923, plaintiff's intestate, an engineer in the employ of defendant, was killed. He had left his engine to perform some act in its repair when the engine and seven cars started down grade and plaintiff's intestate was run over.

The plaintiff brought a prior action based upon a complaint alleging negligence of defendant only in that it failed to conform to the Federal Boiler Inspection Act. There was no allegation in the complaint of negligence of coemployees in the operation of the train, and upon the trial the court and both counsel very properly agreed that an amendment to the complaint would be necessary to introduce such proof of negligence of coemployees. No such amendment was made, and the case was tried solely upon the specific allegation of the negligence of defendant confined to its failure to conform to the Federal Boiler Inspection Act, by failing to properly inspect, maintain and repair its boiler, engine and appurtenances, air pumps, lubricators and appliances attached thereto. Plaintiff recovered a verdict, after a charge of the court which limited the question of negligence to a failure to conform to the Federal Boiler Inspection Act. The allegations of defendant's answer concerning contributory negligence and assumed risk thereby became unavailing, and no evidence was attempted to be introduced thereon. The Appellate Division reversed the judgment of the trial court solely for insufficiency of proof that defendant did not conform to the Federal Boiler Inspection Act, as alleged in the complaint, and dismissed plaintiff's complaint. (209 App. Div. 728.) The Court of Appeals affirmed the action of the Appellate Division, without opinion. (239 N. Y. 601.)

Plaintiff now brings this action based upon a complaint alleging interstate commerce and negligence of coemployees in starting the locomotive, due to defective brakes, and the negligence of coemployees in releasing the air brakes, in failing to apply them and stop train, and for failing to warn plaintiff's intestate of their intention to release brakes, and in failing to make and promulgate rules for the operation of its engine and cars.

It is apparent that no attempt was made to bring the former action under the Federal Employers' Liability Act, but solely under the Federal Boiler Inspection Act. That form of action was proper under authority of *Ward* v. *Erie Railroad Co.* (230 N. Y.

230). It is equally apparent that the complaint in this action is based upon the Federal Employers' Liability Act in alleging negligence of plaintiff's intestate's coemployees in the operation of the train.

The first question presented upon this motion is whether the dismissal of the complaint in the former action by the Appellate Division was a judgment upon the merits.

Under the Code of Civil Procedure (§ 1209) and prior to the adoption of the Civil Practice Act, a dismissal of a complaint upon the trial did not prevent the bringing of a new action between the same parties, based upon the *same cause of action,* unless the court or judgment expressly provided that it was upon the merits.

Section 1209 of the Code of Civil Procedure:

" Effect of judgment dismissing the complaint.— A final judgment, dismissing the complaint, either before or after a trial, rendered in an action hereafter commenced, does not prevent a new action for the *same cause of action,* unless it expressly declares, or it appears by the judgment-roll, that it is rendered upon the merits."

At that time it was judicially determined that the Appellate Division had the right to dismiss a complaint upon the merits upon an erroneous failure so to do by the trial court, but the Appellate Division must so adjudge it to be upon the merits. (*Peterson* v. *Ocean Electric R. Co.,* 214 N. Y. 43.)

The result of a dismissal of a complaint during the trial has been changed by the enactment of the Civil Practice Act (§ 482), which is as follows:

" Effect of judgment dismissing complaint.— A final judgment dismissing the complaint before the close of the plaintiff's evidence does not prevent a new action for the *same cause of action,* unless it expressly declares that it is rendered upon the merits. A dismissal of a complaint or a counterclaim at the close of the plaintiff's or defendant's evidence, as the case may be, or a dismissal of a complaint or counterclaim at the close of the whole evidence, is a final determination of the merits of the cause of action and bars a new action between the same parties or their privies for the same cause of action unless the court shall dismiss without prejudice."

The effect of the decision in the case of *Peterson* v. *Ocean Electric R. Co.* (214 N. Y. 43), before the enactment of the Civil Practice Act, was to make a dismissal of a complaint by the Appellate Division coextensive in its result with a motion upon the trial. The Appellate Division had the right to dismiss a complaint upon the merits, but if it did not so express itself its judgment was no broader than the judgment of the trial court whose error in failing to grant a nonsuit the Appellate Division was correcting. Now

that the effect of a judgment of dismissal of complaint upon the trial has been changed by section 482 of the Civil Practice Act, it follows logically that the Appellate Division, in the former action brought between the parties to this action, corrected the trial court in its erroneous failure to grant a nonsuit, and had it intended to make its judgment different than the trial court's judgment would have been, the Appellate Division would have so ordered. The Appellate Division did only what the trial court should have done, and in taking the latter's place, its judgment was the same in effect as the trial court's should have been, and in the absence of any limitation its judgment was upon the merits. The Court of Appeals, in refusing to plaintiff the benefit of a new trial, determined that the judgment of dismissal by the Appellate Division was properly upon the merits as to the particular cause of action alleged in plaintiff's complaint. That cause of action was ended and permission to retry it would have been improper.

In a given case it might not be as convenient for plaintiff's counsel to request that a judgment of dismissal in the Appellate Division be without prejudice, as it would have been upon the trial. Yet if counsel failed to anticipate a dismissal of the plaintiff's complaint in the Appellate Division and wished so to request, he could readily do so upon a motion and resettle the order of the Appellate Division after its determination.

Considerable confusion is manifest as to the exact meaning of a dismissal upon the merits. Particular attention is called to the language of subdivision 5 of rule 107 of the Rules of Civil Practice, upon which this motion is made, also to the language of section 482 of the Civil Practice Act, and also to section 1209 of the Code of Civil Procedure, all of which use the phrase *same cause of action.* A dismissal of a complaint without prejudice would permit the bringing of the *same cause of action* again in the hope of success by the introduction of new and additional evidence or the adoption of a new theory of action. A dismissal upon the merits would prevent a retrial of the *same cause of action.* It would also prevent the bringing of a new action to litigate any *cause of action* that *might have been litigated* under the *pleadings* as drawn in the former action even though not actually litigated. (*Hull* v. *Hull,* 225 N. Y. 342; *Donovan* v. *Cunard Steamship Co., Ltd.,* 119 Misc. 426; 206 App. Div. 751; 236 N. Y. 651.)

These rules do not apply to a *new cause of action* not alleged in the complaint in the prior action and which, therefore, could not have been litigated upon the former trial as not within the pleadings.

38

"It has been sometimes stated to be the general rule that a judgment is conclusive not only upon the question actually contested and determined, but upon all matters which might have been litigated and decided in the same suit. This is doubtless true of all matters properly belonging to the subject of the controversy and within the scope of the issues. But that is not the rule when the second suit, although between the same parties, is on a different cause of action. In such a case the judgment is not conclusive on all matters which might have been litigated in the former action, but only as to such points or questions as were actually in issue and adjudicated therein." (*Griffen* v. *Keese*, 187 N. Y. 454, 464; *Townsley* v. *Niagara Life Ins. Co.*, 218 id. 228, 233; *Shepard Co.* v. *Taylor Pub. Co.*, 198 App. Div. 638; 234 N. Y. 465.)

"A judgment rendered on the merits is *coextensive with the issues* upon which it is founded and is conclusive between the parties thereto, not only as to the *matters actually proved, argued and submitted* for decision, but also as to *every other matter directly at issue by the pleadings* which the defeated party might have litigated." (*Lorillard* v. *Clyde*, 122 N. Y. 41, 47, and cases cited.)

The former complaint between the parties to this action was based solely upon the Federal Boiler Inspection Act, and contained no allegations upon which evidence could have been presented to establish a violation of the Federal Employers' Liability Act, by reason of the negligence of the coemployees of plaintiff's intestate.

The complaint in this action does not restate the former *cause of action* nor any *cause of action* set forth in the complaint in the former action, but sets forth an entirely new *cause of action*. The judgment, therefore, of the Appellate Division in the former action between these parties, even though upon the merits and affirmed by the Court of Appeals, is *not an existing judgment* rendered upon the merits *determining the same cause of action* between the parties herein. (*Troxell* v. *D., L. & W. R. R.*, 227 U. S. 434.)

The fact that certain testimony concerning the brakemen and their conduct was introduced upon the former trial did not in any way affect the determination of that cause of action which was decided upon the insufficiency of proof of the defective locomotive and equipment, forbidden by the Federal Boiler Inspection Act.

Motion denied, with costs to plaintiff.