### INTERNATIONAL PAPER CO. v. PURDY.

(Supreme Court, Appellate Division, Third Department. December 3, 1909.)

1. JUDGMENT (§ 585*)—MERGER AND BAR—NATURE OF ACTION.

    A test, in determining whether a judgment in one action is a bar to another action, is whether substantially the same evidence would establish the cause of action in each case.

    [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1093; Dec. Dig. § 585.*]

2. JUDGMENT (§ 589*)—MERGER AND BAR—ACTION RELATING TO LAND.

    A judgment, in an action for treble damages for trespass and cutting and removing timber under Code Civ. Proc. §§ 1667, 1668, under which, however, if the acts complained of were done by defendant believing the land to be his own, single damages only could be awarded, is a bar to a subsequent action, between the same parties for cutting and removing timber from the same land, in which plaintiff expressly waives the tort and all causes of action therefor and seeks only to recover the value of the timber.

    [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1101; Dec. Dig. § 589.*]

    Sewell and Chester, JJ., dissenting.

Appeal from Trial Term, Clinton County.

Action by the International Paper Company against Fred E. Purdy. From a judgment for plaintiff and an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

L. L. Shedden, for appellant.
Thomas B. Cotter, for respondent.

JOHN M. KELLOGG, J. The question for review is whether a judgment in a former action between the same plaintiff against the same defendant prevents a recovery in this action. Upon the trial of the former action the court directed a verdict in favor of the defendant, and judgment was entered thereon dismissing the plaintiff's complaint, with costs. The complaint in that action alleged: That the·plaintiff owned lot 230, and that the defendant wrongfully, unlawfully, and without right or authority entered thereon and cut and carried away, and caused to be cut and removed therefrom and converted to· his own use and benefit, timber, logs, and wood·; that at the time of such cutting and conversion by the defendant the timber, logs, and wood so cut were of the value of· $1,962.75 standing, and, on account of such wrongful acts of the defendant committing waste upon the plaintiff's land, he became liable to pay therefor the amount of its actual damage, such actual damage being $1,962.75, and demanded judgment for three times that amount, with costs. The pleader evidently sought to recover treble damages under sections 1667 to 1668 of the Code of Civil Procedure, under which sections, however, if the acts are casual or involuntary, or the defendant believed the land his own, single damages only may be awarded. The amount of damages

claimed was based solely upon the value of the timber, logs, and wood cut. The answer was a general denial, and the allegation that the timber, logs, and wood were cut upon the defendant's land, and that if any were cut upon the plaintiff's land it was by mistake and a misunderstanding as to where the true line between the plaintiff and the defendant actually was.

The complaint in this action alleges that the plaintiff is the owner of lot 230, and that the defendant without the plaintiff's knowledge or consent caused to be taken therefrom timber and wood belonging to the plaintiff, which was wrongfully cut therefrom. It further alleges that some of the timber and wood had been delivered by the defendant to the plaintiff under a contract, the plaintiff not knowing the same had been taken from its land; and further alleges that, at the same time said wood was cut and delivered to plaintiff by a contractor in the employ of the defendant, other wood was likewise cut from the plaintiff's land by said contractor in the employ of the defendant, and delivered to and received at the defendant's mill, and was used and disposed of by him. The plaintiff expressly waives the tort and all causes of action therefor, and alleges that by reason of the facts stated the defendant is indebted to it either for moneys had and received, or upon an implied contract for the value of the wood, and demands judgment for the amount thereof.

It is conceded that the lands, the cutting and removal of timber, logs, and wood mentioned in both complaints are the same. The summons, complaint, answer, clerk's minutes, and the judgment in the former action are in evidence, and from them alone and the proceedings in this action we are to determine whether that judgment prevents a recovery in this case. The witnesses sworn upon the first trial, as appears from the minutes of the clerk, were substantially all called upon this trial, and the witness Gardner upon this trial, who hired and directed the men who did the cutting, was sworn upon both trials, and is evidently the person referred to in the complaint herein as a contractor in the employ of the defendant. The evidence in this case does not tend to show that the defendant is not responsible for the acts of Gardner, and we can find nothing in the record in this case tending to show a cause of action in favor of the plaintiff which would not equally tend to show a cause of action in the other case.

A familiar test, in determining whether a judgment in one action is a bar to or evidence in another action, is whether substantially the same evidence would establish the cause of action in each case. In each action it was necessary for the plaintiff to establish its title to the land, that the defendant wrongfully cut the timber therefrom, and the value of the timber. In the present action it was unnecessary to show that the timber and wood wrongfully cut by the defendant were sold to the plaintiff, for, if the timber was wrongfully cut upon the plaintiff's land, the defendant is liable to the plaintiff therefor without regard to whom the defendant sold it. In the first action it was determined that the plaintiff was not entitled to recover of the defendant the value of the timber and wood alleged to have been cut by him upon the premises in question. While that adjudication stands there can be no recovery upon the facts disclosed here for the same timber

and wood in another action by simply changing the form of the complaint. The first action was in form a trespass upon real estate by cutting and removing timber and wood therefrom and converting the same to defendant's use, in which the only damages asked was based upon the value of the timber and wood cut and removed. This action and recovery are based upon the idea that the defendant wrongfully trespassed upon the plaintiff's land, cut, removed, and converted its timber and wood, and that the tort is waived and recovery is sought only for the value of the timber and wood. The evidence would warrant a recovery in either case.

The judgment and order should therefore be reversed upon the law and the facts, and a new trial granted, with costs to the appellant to abide the event. All concur, except SEWELL, J., dissenting in opinion in which CHESTER, J., concurs.

SEWELL, J. I dissent. It is well settled that the conclusive character of a judgment extends only to the precise issues which were tried in the former action; that they must be identical in each action, not merely in name, but in fact and in substance; and that a party seeking to avail himself of a former judgment as conclusive evidence or as a bar in a subsequent action must show affirmatively that the question involved in the second action was material and actually determined in the former. Stowell v. Chamberlain, 60 N. Y. 272; Reynolds v. Ætna Life Ins. Co., 160 N. Y. 635, 55 N. E. 305.

A former judgment is final only as to facts which were actually litigated and decided and which have such a relation to the issue that their determination was necessary to its determination. Stannard v. Hubbell, 123 N. Y. 520, 25 N. E. 1084; Matter of Locus Ave., 185 N. Y. 115, 77 N. E. 1012.

It does not prevent a relitigation of a fact put in issue by the pleadings and litigated and decided in a prior action, if the fact was irrelevant to the issue therein and did not enter into and was not involved in the final judgment. Springer v. Bien et al., 128 N. Y. 99, 27 N. E. 1076; Stokes v. Stokes, 155 N. Y. 581, 50 N. E. 342.

"Although a decree in express terms purports to affirm a particular fact or rule of law, yet if such fact or rule of law was immaterial to the issue, and the controversy did not turn upon it, the decree will not conclude the parties thereto." Stokes v. Foote, 172 N. Y. 341, 65 N. E. 181.

Applying the principles of these decisions to the question presented, it is obvious that the former judgment is not a bar to the maintenance of this action, or evidence upon the questions in issue. In the former action there was but one cause of action stated in the complaint. That cause of action was not for conversion, but for trespass. The only question necessarily determined therein was that the defendant did not wrongfully enter upon the plaintiff's land and cut down and carry away the wood, trees, and timber standing thereon. If the allegation of conversion had been omitted, there would have been an ample statement of facts constituting a cause of action for trespass, and its insertion did not change or affect the nature of the action. Graves v. Waite, 59 N. Y. 156; Greentree v. Rosenstock, 61

N. Y. 583; Tuers v. Tuers, 100 N. Y. 196, 2 N. E. 922. The plaintiff could have admitted upon the trial that the defendant did not convert any of the wood, trees, or timber, and yet, if he had proven the other allegations of the complaint, he could have maintained the action. It is true that it was material to show the value of the wood, trees, and timber as they stood upon the land, if their value could be measured and ascertained without reference to the value of the land; but it has never been held that a judgment is res judicata as to all the litigated facts and all the evidence which one party or the other may choose to introduce upon the trial, however important the evidence may have been. It follows that the learned trial justice correctly held that the plaintiff's right to recover in this action was not controlled or affected in any way by the judgment in the former action.

I am therefore of opinion that the judgment and order appealed from should be affirmed, with costs.