Hence the judgment of conviction should be reversed and a new trial ordered.

BLACKMAR, P. J., and MILLS, J., concur; KELLY and JAYCOX, JJ., vote to affirm.

Judgment of conviction of the County Court of Queens county reversed and new trial ordered.

---

ELLA A. WEEKES and Others, as Executrices, etc., of JOHN S. WEEKES, Deceased, Respondents, *v.* ADIRONDACK POWER AND LIGHT CORPORATION, Appellant.

Third Department, December 28, 1921.

Gas and electricity — action to recover for death of plaintiff's testator caused by explosion of illuminating gas in cellar of home — verdict in favor of plaintiff not against weight of evidence — testator not guilty of contributory negligence as matter of law in going into cellar with lighted lantern.

In an action to recover for the death of plaintiff's testator caused by the explosion of illuminating gas in the cellar of his home it appeared that the defendant had installed in the cellar of the testator's home its meter and pipes for the purpose of supplying illuminating gas; that there was a leak in the pipes or meter; that the decedent went into the cellar with a lighted lantern and shortly thereafter there was an explosion resulting in his death. On the question as to whether the defendant had been notified of the leak the evidence was conflicting, the plaintiff's evidence was to the effect that the defendant had been given two notices and did nothing to repair the leak while the defendant's witnesses testified that no notice had been given.

*Held,* on all the evidence, that, while the case is a close one, it cannot be said that the verdict was against the weight of the evidence.

It was not shown that the testator, a man of mature years and experience, deliberately went into the cellar with a lighted lantern, knowing that it was filled with explosive gas, for the purpose of dealing with the situation himself, and since it appeared that the leak had existed for a considerable length of time and that the testator may have gone into the cellar in the performance of his routine duties about the house, it cannot be said as a matter of law that he was guilty of contributory negligence.

Appeal by the defendant, Adirondack Power and Light Corporation, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Schenectady on the 7th day of July, 1921, upon the verdict of a jury for $25,000, which was reduced by order of the court to $15,000, and also from an order entered in said clerk's office on the same day denying defendant's motion to set aside the verdict and for a new trial made upon the minutes.

*Ainsworth, Carlisle, Sullivan & Archibald* [*Charles B. Sullivan* and *John D. Miller* of counsel], for the appellant.

*Leary & Fullerton* [*James A. Leary* of counsel], for the respondents.

Woodward, J.:

The jury in this case brought in a verdict for $25,000, which the trial court reduced to $15,000, and the defendant appeals from the judgment, urging that the verdict is not sustained by the weight of evidence upon the issue of the defendant's negligence, and that the evidence fails entirely to sustain the burden of proof as to the lack of contributory negligence on the part of the decedent.

The defendant concededly installed its meter and pipes for the purpose of supplying illuminating gas to the plaintiffs' decedent and his family. The plaintiffs allege that previous to the 10th day of November, 1919, the decedent and his family discovered the odor of gas in the house; that they thought it more pronounced in the cellar where the meter was located; that on the tenth day of November, on paying their gas bill, they complained of the odor and asked to have it attended to; that nothing was done, and on the eighteenth day of November the defendant's attention was again called to the matter; that the defendant still did nothing, and on the twenty-third decedent's wife went into the cellar and found the gas leaking more decidedly than before; that she called her husband's attention to it, and that after finishing his meal he took a railroad lantern, lighted it and went into the cellar; that soon an explosion occurred and that the decedent called for help; that a short time subsequent thereto he died from the effect of the explosion.

If we were called upon to decide the questions of fact it is by no means certain that we would not be disposed to find that the evidence did not support the conclusion that the defendant was negligent. The evidence of the methods and practices of the defendant in dealing with complaints, and the positive denials of all the persons who were in a position to receive the complaints, if such were made, together with the fact that the defendant's records show that the decedent on the tenth day of November did ask to have a water heater adjusted, and that the work was done on the following day, and that the workman testified that nothing was said to him about the alleged leak, affords persuasive evidence that no notice was given of the defect in the defendant's gas service, and there is no doubt the jury would have been justified in so finding. On the other hand, decedent's widow and her daughter both testify positively that the notice was given on the tenth of November and again on the eighteenth day of the same month, and we are not prepared to say that the verdict is against the weight of the evidence.

If the evidence went to the extent of showing that the decedent, a man of mature years and experience, being a railroad engineer of forty years' service, deliberately went into the cellar knowing that it was filled with an explosive gas, with a lighted lantern, for the purpose of dealing with the situation himself, we might be disposed to hold as a matter of law that he was guilty of negligence contributing to the accident. But the evidence does not go to this extent. The evidence is to the effect that decedent's wife told him, at about eleven o'clock in the morning, that she had been in the cellar and that the gas appeared to be increasing; that about twelve o'clock the decedent lighted his lantern and went into the cellar, it being his custom to do the chores about the house before leaving for his work, and that the explosion followed. Decedent made no statement as to his purpose in going to the cellar. The leak had existed for a considerable length of time, and beyond experiencing the discomfort of the odor there does not appear to have been anything particularly alarming in the situation. The cellar was used for keeping supplies and for the furnace and heater and decedent's wife had been in it in the morning without

any apparent danger, though she says that it was so strong that she did not long remain near the meter, where she had a cupboard for her supplies.   There were reasons for the decedent to go into the cellar entirely apart from the leak, and we are persuaded that the jury was called upon to determine whether the defendant had met the burden of proof in establishing the contributory negligence of the decedent, under the requirements of section 841-b of the Code of Civil Procedure (as added by Laws of 1913, chap. 228).

The case is a close one; fair-minded men might easily disagree on both branches of the case.   It has been tried twice, the jury disagreeing upon the first trial, and we are not prepared to say that there is not evidence upon which the present jury was justified in reaching the conclusion expressed in the judgment.

The judgment and order appealed from should be affirmed.

Present — JOHN M. KELLOGG, P. J., WOODWARD, COCHRANE, H. T. KELLOGG and VAN KIRK, JJ.

Judgment and order unanimously affirmed, with costs.