PATRICK J. DONOVAN, Plaintiff, *v.* THE CUNARD STEAMSHIP COMPANY, LTD., Defendant.

Supreme Court, New York County, October, 1922.

Negligence — injury to longshoreman — action submitted to jury as one at common law — verdict for defendant — waiver of right to have case considered under rules of maritime law — when second action dismissed — Rules of Civil Practice, rule 107(5).

A complaint for injuries, alleged to have been sustained by plaintiff while working as a longshoreman for defendant, contained all the facts necessary to enable the trial court to apply the rules of the maritime law, but the case was submitted to the jury as one at common law under a charge to which no exception was taken.   Upon appeal a judgment entered on a verdict in favor of defendant was unanimously affirmed and plaintiff's motion for a new trial was denied. *Held*, that a motion under rule 107(5) of the Rules of Civil Practice for judgment dismissing the complaint in an action subsequently brought by the same plaintiff against the same defendant on the same cause of action, will be granted.

Any rights that the plaintiff had to have his case submitted to the jury under the rules of the maritime law were waived by his failure to request a charge regarding them.

MOTION for judgment dismissing complaint.

*C. Fuller Williams,* for plaintiff.

*Lord, Day & Lord,* for defendant.

BURR, J.   Motion for judgment dismissing the complaint under rule 107 of the Rules of Civil Practice.   Subdivision 5 of the rule provides that the defendant may make such motion on the complaint and affidavits stating facts tending to show that " there is an existing final judgment or decree of a court of competent jurisdiction rendered on the merits, determining the same cause of action between the parties."   This action was brought to recover damages for personal injuries alleged to have been sustained by the plaintiff while he was working as a longshoreman in the employ of the defendant on the 12th day of April, 1920, on the steamship *Carmania,* then lying at pier 54, North river, New York.   Prior to the commencement of this action the plaintiff brought an action in this court against defendant for the same cause of action alleged in the present complaint.   On the trial of that action the jury found a verdict in favor of the defendant, and judgment was duly

entered thereon. The plaintiff's motion for a new trial was denied, and an appeal was taken to the Appellate Division, first department. That court unanimously affirmed the judgment and order without opinion, denying plaintiff's motion for a new trial. A motion for reargument of said appeal or leave to appeal to the Court of Appeals was denied. The said prior action was tried under the common-law rules of master and servant liability. No exception was taken to the court's charge. Upon the appeal to the Appellate Division the plaintiff conceded, and it appears from the case on appeal that, through his counsel at the opening of the trial, he elected to proceed to the trial of the action under the common law. The plaintiff argued on that appeal from the judgment rendered that the case being a maritime tort, the rules of the common law could not be applied thereto and that, therefore, the court erred in submitting the same to the jury under the common law instead of the maritime law, the claim being particularly made that the rule of the maritime law differed from that of the common law with respect to contributory negligence. It further appears that it was agreed upon the motion for reargument that the complaint in said prior action contained all the necessary facts to enable the trial court to apply the rules of the maritime law. Plaintiff's position now is that he had no right of action whatsoever under the common law and that his sole rights were under the maritime law, and, therefore, that he is not barred from proceeding in this action by reason of the judgment in the said prior action. On the appeal of the prior action plaintiff's argument was to the same effect, namely, that the court erred in submitting the case to the jury under the common law and that such error was so palpable and worked such a wrong that the court should, even though there was no exception taken by the plaintiff, reverse the judgment and order a new trial. The affirmance of the judgment, however, must be taken to mean that the trial court had submitted the case to the jury on the proper theory and that if the plaintiff had any rights with respect to having his case submitted to the jury under the rules of the maritime law he waived them by not requesting the court to charge regarding them. This action is between the same parties as the prior action. The cause of action is also the same. The complaint alleges but one wrong, and that the same wrong which was alleged in the prior action. The judgment in the prior action determines that plaintiff is not entitled to any recovery for such alleged wrong. That judgment having been sustained on appeal is a bar to the present action and the notice for judgment dismissing the complaint is, therefore, granted.

Ordered accordingly.