UNITED STATES FIRE INSURANCE COMPANY, Respondent, *v.* ADIRONDACK POWER AND LIGHT CORPORATION, Appellant.

Third Department, November 15, 1923.

Judgments — res judicata — action by fire insurance company to recover, as assignee of estate of insured, damages caused by alleged negligence of defendant — fire was started by explosion of gas — defendant failed to repair leak after notice — owner entered cellar with lighted lantern and gas exploded causing owner's death and fire in question — judgment against defendant in action for death of owner not res judicata on question of negligence of defendant and contributory negligence of owner.

A judgment in an action against the defendant awarding damages for the death of the owner of a house who was killed by an explosion of gas when he went into the cellar with a lighted lantern, which action was based on the negligence of the defendant in failing to repair a leak in the gas pipes in the cellar after notice, is not *res judicata* as to the negligence of the defendant or contributory negligence of the owner in an action by a fire insurance company as assignee of the estate of the owner to recover damages based on the alleged negligence of the defendant in permitting gas to escape in the cellar of the house, for there was neither identity of parties nor of issues.

APPEAL by the defendant, Adirondack Power and Light Corporation, from a judgment of the Supreme Court in favor of the

plaintiff, entered in the office of the clerk of the county of Schenectady on the 14th day of November, 1922, upon the decision of the court rendered after a trial before the court without a jury by stipulation of the respective parties, and also (as stated in the notice of appeal) from an order denying the defendant's motion for a new trial.

*Miller & Golden* [*John D. Miller* of counsel], for the appellant.

*Leary & Fullerton* [*Walter A. Fullerton* of counsel], for the respondent.

Hinman, J.:

John S. Weekes, deceased, was the owner of household and personal property contained in his home in the city of Schenectady, N. Y. He had it insured for $1,000 against loss or damage by fire under a policy written by the plaintiff company. On November 23, 1919, a gas explosion occurred in the cellar of his home resulting in his death and in fire damage. The defendant had installed in the cellar its meter and pipes for the purpose of supplying gas for his household purposes. There was a leak in the pipes or meter of which the defendant had been notified but did nothing to repair. On that morning the decedent went into the cellar with a lighted lantern after his wife had again spoken to him about smelling gas. Shortly thereafter there was an explosion resulting in his death and in damage by fire to his household property insured under said policy. The fire started immediately after the explosion and the fire department was called to extinguish it.

An action was brought by the executrices of the decedent pursuant to article 5 of the Decedent Estate Law to recover the pecuniary loss, resulting from decedent's death, to the persons for whose benefit the action is permitted to be brought under the Decedent Estate Law. A recovery was had by the plaintiffs of $15,000 and the judgment was affirmed by this court. (*Weekes* v. *Adirondack Power & Light Corp.*, 199 App. Div. 137.) In that action the question of defendant's negligence was in issue and this court held that while the case was a close one it could not be said that the verdict was against the weight of the evidence. The question of the decedent's contributory negligence was also raised by the defendant. It being an action to recover damages for causing death, the contributory negligence of the person killed was a defense to be pleaded and proven by the defendant. (Decedent Estate Law, § 131;* Code Civ. Proc. § 841b;† Civ. Prac. Act, § 265.) It was not affirmatively shown that the decedent, a man of mature years and experience, deliberately went into the cellar

---

* Added by Laws of 1920, chap. 919.— [Rep.

† Added by Laws of 1913, chap. 228.— [Rep.

**586** United States Fire Ins. Co. *v.* Adirondack P. & L. Corp.

Third Department, November, 1923. [Vol. 206

with a lighted lantern knowing that it was filled with explosive gas for the purpose of dealing with the situation himself, and since it appeared that the leak had existed for a considerable length of time and the decedent may have gone into the cellar to do his customary chores about the house before leaving for his work, this court held that it could not be said as a matter of law that he was guilty of contributory negligence. This court said (*supra*, at p. 140): " There were reasons for the decedent to go into the cellar entirely apart from the leak, and we are persuaded that the jury was called upon to determine whether the defendant had met the burden of proof in establishing the contributory negligence of the decedent, under the requirements of section 841-b of the Code of Civil Procedure (as added by Laws of 1913, chap. 228)."

The plaintiff, as insurer, paid for the fire damage to the personal property of the decedent resulting from the explosion. The plaintiff became subrogated to the rights of the estate of the decedent by an assignment of the executrices of their claim for the damages, alleged to have been due to the negligence of the defendant in causing the explosion. This action is brought by the plaintiff as such assignee to recover such damages. At the trial the plaintiff made proof as to the title of the deceased to the property damaged, the issuance of the policy, the fact that the fire started immediately after the explosion, the damage to the property, the payment of the loss by the plaintiff and the assignment of the claim. The plaintiff made no attempt to make specific proof on the issues of negligence and contributory negligence but relied upon the judgment in the former action as a former adjudication of those issues. The plaintiff introduced in evidence the judgment roll in the former action and also the testimony taken upon that trial. It was stipulated that the court should take the case under advisement without the jury and should determine whether there was an issue of fact to be tried before the jury as to the negligence of the defendant and as to the contributory negligence of the deceased or whether these issues were *res judicata* by reason of the previous action. The trial court determined the case as a matter of law, ruling that these issues were *res judicata* as between the parties and granted judgment for the plaintiff.

The question is whether there was such identity of parties or their privies and of issues as to render the former adjudication *res judicata* here upon the issue of contributory negligence. We think there was neither identity of parties nor of issues. In the present case the plaintiff sues as privy to the rights of the executrices of the estate. While the executrices brought the former action as such, in a very real sense the former action was brought by them in

a different capacity from the sense in which the present plaintiff as assignee of the executrices brings this action. The cause of action for death of decedent did not exist at the common law but was created by statute. (Decedent Estate Law, art. 5.)* It is original and not derivative. " It is not a part of, and has no relation with the estate of the decedent. The damages are allowed, not for an injury to his estate, but for an injury, through the loss of him, to the estate of the beneficiaries. The executor or administrator of the decedent is a mere nominal party, without any interest in the damages, holding them, when recovered, in the capacity of a trustee or agent for the beneficiaries. * * * The damages are theirs, not through the laws of intestacy or as a part of the estate of the intestate, but through their original right to them created by the statute." (*Hamilton* v. *Erie R. R. Co.,* 219 N. Y. 343, 350, 353.) In the present case the damages are allowed for an injury to the estate of the decedent. It is one of the fundamentals of the jurisprudence of this subject that a person should not only have been a party to both actions but he must have appeared in both in the same capacity or character. (2 Black Judg. [2d ed.] § 536.) In a nominal sense the executrices in two such actions as are represented in this and in the former action would appear to act in the same character, namely, as executrices, but in fact they would act in one of them as the agent of the beneficiaries under the statute and in the other as the agent of the estate of the deceased. It seems to us that in contemplation of law the plaintiff in this case, as the assignee of the executrices, is a distinct person suing in another capacity or character and a stranger to the prior judgment.

Moreover, the rights claimed by this plaintiff in the second action were not actually put in issue and litigated in the former suit. " If an issue presented in a subsequent suit between the same parties or their privies is shown to have been determined in a former one, the question is *res judicata,* although the actions are based on different grounds, or tried on different theories, or are instituted for different purposes and seek different relief. *The test of identity is found in the inquiry whether the same evidence will support both actions.*" (24 Am. & Eng. Ency. of Law [2d ed.], 780; *Clement* v. *Moore,* 135 App. Div. 723; *Williams* v. *Barkley,* 165 N. Y. 48; *Steinbach* v. *Relief Fire Ins. Co.,* 77 id. 498, 501; *International Paper Co.* v. *Purdy,* 136 App. Div. 189, 191.) The estoppel of a former judgment does not depend upon technicalities

---

* Created by Laws of 1847, chap. 450, as amd.; Code Civ. Proc. § 1902 *et seq.,* as amd.; now Decedent Estate Law, art. 5, as added by Laws of 1920, chap. 919.—[REP.

**588** United States Fire Ins. Co. *v.* Adirondack P. & L. Corp.

Third Department, November, 1923. [Vol. 206

but rests on the broad principle of justice, that an issue once finally determined between the parties on the merits cannot be litigated afterward. It is a rule of convenience and public policy. It is not a rule which for the sake of technical congruity stands in the way of substantial justice. "A judgment is not conclusive of any matter which, from the nature of the case, the form of action, or the character of the pleadings, could not have been adjudicated in the former suit." (2 Black Judg. [2d ed.] § 618.) In a broad sense the question of contributory negligence of the deceased in this case was submitted to the jury in the former action and was resolved against the defendant. We cannot blind our eyes, however, to the fact that in the former action, being a death case, the burden of proof was upon the defendant to sustain the contributory negligence of the deceased, whereas in this case the burden is upon the plaintiff, suing on behalf of the estate rather than the beneficiaries mentioned in the statute in a death case, to prove that the deceased was free from contributory negligence. In these circumstances there is no reason founded upon the rule of convenience or public policy for giving to the former judgment the effect claimed here. "From the nature of the case, the form of action, or the character of the pleadings," the freedom from contributory negligence required to be proved by the plaintiff here cannot be said to have been adjudicated in the former suit. The real and precise issue submitted to the jury in the former action on the question of contributory negligence was, to quote the language of this court in the previous case, "that the jury was called upon to determine whether the defendant had met the burden of proof in establishing the contributory negligence of the decedent." (*Weekes* v. *Adirondack Power & Light Corp.*, 199 App. Div. 137, 140.) The case was a close one and in the present action it would be the duty of the plaintiff to persuade the jury that the decedent went into the cellar "for a purpose entirely apart from the leak" and that he was not otherwise guilty of negligence contributing to the explosion. "The test of identity is found in the inquiry whether the same evidence will support both actions." (24 Am. & Eng. Ency. of Law [2d ed.], 780.) Upon the issue of contributory negligence, involved here, we cannot say that it will. Justice to the defendant requires that we should hold that upon this issue the former adjudication is not binding. Neither is the former adjudication binding upon the issue of negligence of the defendant, in view of the lack of identity of parties plaintiff in the two actions.

In the application of the rule of *res judicata* it is essential that its operation be mutual. (2 Black Judg. [2d ed.] § 548.) If this present action had been the first one brought and judgment had

been rendered in favor of the defendant upon the issue of contributory negligence and then the executrices had brought the action for the death of decedent, it would be perhaps more readily seen that the defendant could not use the prior adjudication as a protection. The beneficiaries under the statute would have a substantial right to say there was not identity of parties for the reason that the interests of the estate rather than their interests were involved in the prior action and that there was not identity of issues in that in their case the burden would not be upon them to prove that the deceased was free from contributory negligence. A new element would be introduced which would substantially bear upon the possible judgment. The legal rights or relations of the parties would not remain as in the former action by reason of the statutory requirement that the defendant in the action for death shall plead and prove the contributory negligence of the deceased.

The judgment and order should be reversed upon the law and a new trial granted, with costs to the appellant to abide the event.

COCHRANE, P. J., VAN KIRK, HASBROUCK and McCANN, JJ., concur.

Judgment and order reversed on the law and new trial granted· with costs to the appellant to abide the event.