Cora Belle. Luce, as Administratrix, etc., of Walter M. Luce, Deceased, Respondent, *v.* New York, Chicago and St. Louis Railroad Company, Appellant.

Fourth Department, June 30, 1925.

Judgments — res judicata — action under Federal Employers' Liability Act to recover for death of plaintiff's intestate who was killed while working on railroad engaged in interstate commerce — judgment in prior action between same parties to recover under Federal Boiler Inspection Act is res judicata.

A judgment in favor of a railroad in an action by an administratrix to recover under the provisions of the Federal Boiler Inspection Act for the death of her intestate is *res judicata* in an action by the same administratrix against the same railroad to recover under the Federal Employers' Liability Act for the death of the same person.

Davis and Crouch, JJ., dissent, with opinion.

APPEAL by the defendant, New York, Chicago and St. Louis Railroad Company, from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Erie on the 20th day of March, 1925, denying defendant's motion, made under section 277 of the Civil Practice Act and subdivision 5 of rule 107 of the Rules of Civil Practice, for judgment dismissing the complaint upon the ground that there is an existing final judgment rendered on the merits, determining the same cause of action between the parties herein.

*Locke, Babcock, Hollister & Brown* [*Evan Hollister* of counsel], for the appellant.

*Ward, Flynn, Spring & Tillou* [*Hamilton Ward* of counsel], for the respondent.

HUBBS, P. J.:

The defendant moved for judgment dismissing the complaint under section 277 of the Civil Practice Act and subdivision 5 of rule 107 of the Rules of Civil Practice, on the ground " that there is an existing final judgment or decree of a court of competent jurisdiction rendered on the merits, determining the same cause of action between the parties." The learned court at Special Term decided that the complaint in the former action and the complaint in the present action stated different causes of action, and the motion was denied. (124 Misc. 590.) The question presented for determination is whether the complaint in the former action and the complaint in the present action state one cause of action, or do they state separate causes of action.

The complaint in the former action alleges that on April 24, 1923, the plaintiff's intestate received injuries while in the employment of the defendant, a common carrier engaged in interstate commerce, which caused his death; that the deceased left surviving his wife, the plaintiff, who has been duly appointed administratrix of his estate; that the plaintiff's intestate and defendant at the time were engaged in interstate commerce; and that the injuries were caused by the negligence and carelessness of the defendant and without fault or carelessness on the part of the plaintiff's intestate.

It also alleges specifically that the defendant violated the provisions of the Federal Boiler Inspection Act, as amended (Act of Feb. 17, 1911, § 2; 36 U. S. Stat. at Large, 913, chap. 103, § 2; amd. by Act of Mar. 4, 1915, § 1; 38 U. S. Stat. at Large, 1192, chap. 169, § 1; U. S. Comp. Stat. 1918, §§ 8631, 8639-a; 8 Fed. Stat. Anno. [2d ed.] 1201, 1205; Barnes Fed. Code, § 8047),* in that

---

* Since amd. by 43 U. S. Stat. at Large, 659, chap. 355, § 2, approved June 7, 1924; Barnes Fed. Code 1924 Supp. § 8047.— [REP.

the defendant "permitted such locomotive boiler and appurtenances to become broken, worn and defective contrary to the provisions of such Act, and that by reason thereof the plaintiff's intestate was killed as herein set forth." The complaint did not refer to the Federal Employers' Liability Act of April 22, 1908, as amended by Act of April 5, 1910 (35 U. S. Stat. at Large, 65, chap. 149, as amd. by 36 id. 291, chap. 143; U. S. Comp. Stat. 1918, § 8657 *et seq.;* 8 Fed. Stat. Anno. [2d ed.] 1208 *et seq.;* Barnes Fed. Code § 8069 *et seq.*), and did not specifically allege negligence on the part of the coemployees of plaintiff's intestate.

Upon the trial under the former complaint the plaintiff relied solely upon the defendant's alleged violation of the Federal Boiler Inspection Act, and the case was tried and submitted to the jury solely upon that ground. There was a verdict for the plaintiff which was reversed at the Appellate Division and the complaint dismissed. (*Luce* v. *N. Y., C. & St. L. R. R. Co.*, 209 App. Div. 728; affd., 239 N. Y. 601.)

Thereafter this action was commenced. The present complaint alleges everything that the complaint in the former action alleged, except the allegation in reference to the Federal Boiler Inspection Act and that the intestate endured conscious pain and suffering after the accident for which damages were demanded. In addition it refers in effect to the Federal Employers' Liability Act, and alleges negligence on the part of the coemployees of plaintiff's intestate and that the defendant failed to make and promulgate proper rules.

There are at least two sharply defined cases when a judgment in a prior action between the same parties prevents a recovery in a subsequent action.

*First,* where the claim, demand or cause of action is the same, in which case the judgment is an absolute bar, not only as to all matters litigated, but as to all matters which might have been litigated.

*Second,* where the claim or demand is not the same, in which case the judgment is an estoppel only as to those matters litigated, and not as to matters which might have been litigated. (34 C. J. 874; *Cromwell* v. *County of Sac*, 94 U. S. 351; 24. L. Ed. 195.)

If the distinction pointed out is correct, then the only question here is whether the second complaint is for the same claim or demand covered by the first complaint.

Whatever the rule may be in other jurisdictions, it is well settled in this State that there cannot be two causes of action against the same party in favor of the same person for one personal injury, and a judgment rendered in one such action is *res adjudicata.* It is the

policy of our law that the whole question of liability for personal injuries should be settled in one action for all time. "There can be but one cause of action and one recovery. * * * The single wrong has given rise to a single right, which may be established by as many different facts as the nature of the case may justify or demand." (*Payne* v. *N. Y., S. & W. R. R. Co.*, 201 N. Y. 436; *Nathans* v. *Hope,* 77 id. 420; *Kent* v. *Erie R. R. Co.*, 201 App. Div. 293.)

Many of the cases relied upon by the respondent are cases where the cause of action first pleaded was not identical with the cause of action pleaded in the second action. In those cases it is important to determine whether there has been an election of remedies or whether the exact question was litigated and determined in the first action, which it is sought to have determined in the second action. In that class of cases the question is one of fact as to just what was done in the first action. Was the question litigated? Was there an election of remedies?

If, however, the cause of action pleaded in the first action was for a single wrong giving rise to a single cause of action, then the question is not whether the exact question was litigated in the first action which it is sought to have determined in the second action, or whether there was an election of remedies. In such case the sole question is whether the cause of action first pleaded and that pleaded in the second action are the same. Could the cause of action sought to be litigated in the second action have been litigated in the first action? If so, the first action is *res adjudicata.*

In *Payne* v. *N. Y., S. & W. R. R. Co.* (*supra*) it was held that a negligent injury to an employee gave rise to but one cause of action for one wrong, but that the plaintiff could allege as a single cause of action as many facts as he claimed contributed to cause the injury. A complaint may allege that the defendant is liable under the common law, under the State Employers' Liability Act, and under the Federal Employers' Liability Act. The statutes create new grounds of negligence but not new causes of action.

Amendments to complaints framed under the common law or the New York State Employers' Liability Act, as formerly contained therein and in the Labor Law or as now found in our Employers' Liability Law, may be allowed so as to bring the action within the purview of the Federal Employers' Liability Act and the Federal Safety Appliance Act,* even after the running of the Statute of Limitations against new actions under such last-mentioned acts.

* See 27 U. S. Stat. at Large, 531, chap. 196, as amd.; Barnes Fed. Code, § 8023 *et seq.*— [REP.

(*Kinney* v. *Hudson River R. R. Co.*, 98 Misc. 11; affd., *sub nom. Kinney* v. *N. Y. C. & H. R. R. R. Co.*, 177 App. Div. 948; 190 id. 967; affd., 231 N. Y. 578; affd., *sub nom. New York Central & H. R. R. R. Co.* v. *Kinney*, 260 U. S. 340.)

If different causes of action were involved, motions for leave to make such amendments would obviously be denied as attempts to bring in causes of action barred by the Statute of Limitations.

In the case at bar the plaintiff had one cause of action growing out of the death of her intestate. She could allege as many grounds of liability as she claimed. When she elected to try the case upon one of those grounds and was defeated, she was barred from maintaining another action upon another alleged ground of liability. To hold otherwise would entitle her to try an action for negligent injury, *first,* upon the common-law liability of the defendant; if defeated in that action she could then bring a new action under some statute; if again defeated she could bring an action under another statute; and so on until an action had been brought upon as many claims as she might have. Such procedure has never been tolerated and is contrary to well-understood principles, which prevent a plaintiff from splitting his claim or dividing the grounds of recovery. A plaintiff in a personal injury action must allege all the grounds upon which he seeks a recovery, and when defeated is barred by the judgment as to all grounds. (*United States* v. *California & Oregon Land Co.*, 192 U. S. 355; 48 L. Ed. 476; *Nauyalis* v. *Philadelphia & Reading Coal & Iron Co.*, 270 Fed. 93; *Lehigh Valley R. Co.* v. *Quereau*, 289 id. 767, 770; 34 C. J. 818; *Donovan* v. *Cunard S. S. Co., Ltd.*, 119 Misc. 426; affd., without opinion, 206 App. Div. 751; appeal dismissed, 236 N. Y. 651.)

We find nothing in *Ward* v. *Erie R. R. Co.* (230 N. Y. 230) in conflict with this view. It was held in that case that a railroad company violating the provisions of the Federal Safety Appliance Act and thus causing personal injury to an employee not engaged in interstate commerce, is subject to an action for such employee's damages, enforcible in the New York State courts, notwithstanding the terms of the Workmen's Compensation Law. The right of action "created or preserved" by the Federal act is made effective through a remedy impliedly given by the act. The court said: "Here [in the Federal statute] there are two provisions that unmistakably reveal the purpose to give to the right of action for damages then attaching at common law a statutory confirmation and a statutory sanction." The Federal statute thus unquestionably extends to employees a protection in cases where no right existed before and creates or preserves a remedy, that is, the privilege to maintain an action to enforce the employee's right.

In our opinion, however, the cause of action is still the same cause of action for personal injuries which existed at common law, although under the Workmen's Compensation Law in the absence of the Federal statute it was not enforcible by action in our courts.

" By the last-mentioned section [Federal Boiler Inspection Act, § 2], defendant was bound absolutely to furnish what before, under the common law, it was its duty to exercise ordinary care to provide." (*Baltimore & Ohio R. R. Co.* v. *Groeger,* 266 U. S. 521, 528.)

The order should be reversed, with ten dollars costs and disbursements, and the motion to dismiss the complaint granted, with ten dollars costs.

SEARS and TAYLOR, JJ., concur; DAVIS and CROUCH, JJ., dissent in an opinion by DAVIS, J.

DAVIS, J. (dissenting):

The differences between the views of the majority of the court and our own in this case are narrowly limited. We may admit that but a single cause of action arises when death results from negligence, although there may be different grounds of liability, and several distinct remedies may be afforded under the common law and by statutes. Such statutes not only impose duties but create remedies. (*Ward* v. *Erie R. R. Co.,* 230 N. Y. 230.) Agreeing that there was but a " single wrong," we differ in the effect to be given a judgment determining that a certain statute did not furnish any remedy under the facts presented.

As a matter of pleading the different grounds of negligence may be stated and the several remedies may be asked in one complaint. (*Payne* v. *N. Y., S. & W. R. R. Co.,* 201 N. Y. 436.) Grounds of liability thought to exist may in fact have no existence; and particular remedies given by statute may or may not be available, depending upon the facts disclosed on the trial. The several theories of negligence stated in the complaint and the remedies sought may then appear to be inconsistent, and the plaintiff be required to elect which remedy he will seek. In such case having made a choice, and having failed to secure the remedy he sought, he is thereafter estopped by election and waiver from bringing his action on another theory and seeking to avail himself of a remedy once discarded. (*Donovan* v. *Cunard S. S. Co., Ltd.,* 119 Misc. 426, 427; affd., 206 App. Div. 751.)

There are cases in which this general rule may not be applied. A plaintiff may believe he has a cause of action given him by a certain statute and bring the action on that theory. If it turns out that he was mistaken and had no remedy, but made a futile

pursuit of a fancied remedy under one statute where he had an actual remedy under another, the judgment previously rendered is not necessarily conclusive. (*People ex rel. Warschauer* v. *Dalton*, 52 App. Div. 371; *Shepard Co.* v. *Taylor Pub. Co.*, 198 id. 638; affd., 234 N. Y. 465; *Hogan* v. *New York Central & H. R. R. R. Co.*, 223 Fed. 890. See, also, *Clark* v. *Heath*, 101 Me. 530; *Harrill* v. *Davis*, 168 Fed. 187; *Southern Pacific Co.* v. *Bogert*, 250 U. S. 483.)

It is not enough that the transactions and subject-matter involved in and giving rise to the two actions are the same. (*Stowell* v. *Chamberlain*, 60 N. Y. 272; *Henry* v. *Herrington*, 193 id. 218; *Wells* v. *Town of Salina*, 71 Hun, 559.) There must be identity with the cause of action previously determined or an election between inconsistent remedies to make the bar of the former judgment available as a defense.

The modern rule is that no question or contention is finally settled by judgment if it was not actually litigated, that is, supported or attacked by evidence, made the subject of the trial, submitted to the jury or pressed upon the consideration of the court. Otherwise stated, on a second suit seeking a different remedy although between the same parties, a judgment in a former action is not conclusive as to all matters which might have been litigated therein or came collaterally in question, but only as to such material points or questions as were actually in issue and adjudicated. (*Griffen* v. *Keese*, 187 N. Y. 454; *Reynolds* v. *Ætna Life Ins. Co.*, 160 id. 635; *Stokes* v. *Foote*, 172 id. 327, 342.)

Here the plaintiff thought a remedy was furnished by a particular statute, to wit, the Federal Boiler Inspection Act. The complaint was framed on that theory and no other. At no time while plaintiff was in court was she required to elect between possible remedies she might have. The case was tried and submitted to the jury solely on the theory that defendant by violating that statute caused decedent's death. It now appears that as a matter of law she never had a remedy under that statute. (See *Luce* v. *New York, Chicago & St. L. R. R. Co.*, 209 App. Div. 728; affd., 239 N. Y. 601.) Under a different state of facts she now seeks a remedy given by another statute. The grounds of liability are not the same; the evidence necessary to establish the present cause of action and the remedy afforded are different. In my opinion it is no sufficient answer to say that there was but " a single cause of action" arising by reason of her husband's death. No cause of action based on the grounds of liability given by statute or common law has yet been tried. The sole question determined in the previous action was that the decedent met his death through no violation by defendant of the Federal Boiler Inspection Act. The

plaintiff has only fruitlessly pursued a mistaken remedy. She had but a single course open against defendant, and that was to recover the damages she had sustained by reason of the decedent's death caused through defendant's wrongful act, and she has taken no action inconsistent with its enforcement. (*Henry* v. *Herrington, supra.*)

In my view of the facts the plaintiff would not have been permitted to offer proof on the different grounds of liability set forth in the first and second complaints, and ask for a verdict on any or all of them without prior election. They are entirely inconsistent in relation to the proof necessary to sustain them, and the measure of damages to be applied. There is not that identity between them that now makes the first a bar to the second. Identity must depend upon the nature of the case, the form of the action, the character of the pleadings and the evidence presented on the trial. (*United States Fire Ins. Co.* v. *Adirondack Power & L. Corp.,* 206 App. Div. 584.)

One test that may be applied for determining whether a judgment in one action is a bar to another, is whether substantially the same evidence would establish the cause of action in each case. (*International Paper Co.* v. *Purdy,* 136 App. Div. 189.) By any test that may fairly be applied, the causes of action set up in the two complaints are not the same.

I cannot believe that it is the policy of the law to so penalize the plaintiff as to deny her a remedy actually given her under one statute because she made a mistake as to the legal effect of another statute and sought vainly to pursue a remedy not given her under the particular facts. She is still entitled to her fair day in court. (*Troxell* v. *D., L. & W. R. R. Co.,* 227 U. S. 434; *Hogan* v. *New York Central & H. R. R. R. Co., supra; Woodruff* v. *Producers' Oil Co.,* 142 La. 368. See, also, *Snow* v. *Alley,* 156 Mass. 193, 195.)

I, therefore, dissent and vote for affirmance.

CROUCH, J., concurs.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.