## SEABOARD TERMINALS CORPORATION et al. v. STANDARD OIL CO. OF NEW JERSEY et al.

District Court, S. D. New York.
Aug. 31, 1936.

O'Connor & Farber, of New York City, for plaintiffs.

Kellogg, Emery & Inness-Brown, of New York City, for defendant American Oil Co.

LEIBELL, District Judge.

This motion addressed to the complaint, is made by defendant, the American Oil Company, for an order directing (a) that the causes of action under the Clayton Act (38 Stat. 730) be stated separately from the causes of action under the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1–7, 15 note; and (b) that the causes of action against the American Oil Company be stated separately from the causes of action against the other defendants.

Counsel for the plaintiffs, in opposing this motion, contends that the complaint states only one cause of action against all the defendants, namely, a cause of action founded on a conspiracy among the defendants unlawfully to restrain and monopolize interstate trade and commerce in petroleum and gasoline products, in violation of the Sherman Act. If it be true that the complaint contains but a single cause of action based on a conspiracy under the Sherman Act, then this motion must be denied in all respects.

The defendant points to the fourth paragraph of the complaint, which reads in part as follows: "4. That this is an action at law brought under the Act of Congress approved October 15, 1914, commonly known as the 'Clayton Act' and of the Act of Congress approved July 2, 1890, commonly known as the 'Sherman Act' to recover damages sustained by plaintiffs as the result of violations by said defendants of said Acts of Congress."

Plaintiffs explain the presence of that allegation, as intended to allege jurisdictional facts and to lay the foundation for plaintiffs' claim to treble damages. They also assert that the reference to the Clayton Act is unnecessary and may be disregarded, since it forms no part of the statement of the facts which constitute plaintiffs' cause of action. Plaintiffs rely on paragraph 7 of the complaint as stating the gist of the cause of action pleaded in the complaint: "* * * The Defendants, at the times and in the manner, as hereinafter set forth, conspired with each other and with others unlawfully to restrain and monopolize trade and commerce among the several states in violation of the Act of Congress approved July 2, 1890, commonly known as the 'Sherman Act', thereby causing injury and damage to the business and property of Plaintiffs."

A reading of the complaint, paragraph by paragraph, discloses the alleged conspiracy charge as linking all the allegations together in one cause of action.

The only facts pleaded by the plaintiffs which the moving party contends constitute a violation of the Clayton Act, § 7 thereof (U.S.C.A. title 15, § 18), are certain references to the acquisition by the defendant, Socony-Vacuum Oil Company, of the stock of General Petroleum Corporation (paragraphs 15, 16, 17, and 18 of the complaint). The fact is, however, that plaintiffs have not pleaded those acts of that defendant as the basis of any right of action for a breach of any provision of the Clayton Act. The plaintiffs plead those facts, together with other overt acts, merely as steps alleged to have been taken by the defendant, Socony-Vacuum, in carrying out the alleged conspiracy in restraint of trade, by which the plaintiffs claim they were seriously damaged. If

the acquisition of stock in another corporation by one of the defendants was part of and in furtherance of the alleged conspiracy to restrain and monopolize trade, there is no reason why plaintiffs should not so allege. The overt act may or may not, by itself, be a violation of the Clayton Act. It is alleged only as part of the conspiracy which plaintiffs contend violated the Sherman Act.

In Baran v. Goodyear Tire & Rubber Co. et al. (D.C.) 256 F. 570, Judge A. N. Hand wrote: "The illegality complained of which would violate the Sherman Act is apparently an attempt to monopolize the trade in certain automobile accessories. This almost necessarily depends on the defendants' whole plan, and I can see no reason why it should not be pleaded as a whole, and given the legal effect that the transactions call for."

That is all that the plaintiffs have done in the instant case. They have pleaded the conspiracy as a whole and have mentioned the control of other corporations through stock ownership by one of the defendants, merely as part of the alleged illegal scheme.

I am of the opinion that the above-quoted paragraph is the only part of the decision in the Baran Case that really applies to the case at bar.

The following excerpts from the court's opinion in Whalen v. Strong (1930) 230 App.Div. 617, at page 621, 246 N.Y.S. 40, 45, are pertinent here:

"A complaint which states facts charging liability both under the common law and a statute (Payne v. New York, S. & W. R. R. Co., 201 N.Y. 436, 95 N.E. 19; Gerseta Corp. v. Silk Ass'n of America, 220 App.Div. 302, 222 N.Y.S. 7), or under two different statutes (Luce v. New York, Chicago & St. Louis R. R. Co., 213 App. Div. 374, 211 N.Y.S. 184, affirmed 242 N. Y. 519, 152 N.E. 409), does not necessarily state more than a single cause of action."

And at page 622 of 230 App.Div., 246 N.Y.S. 40, 46:

"If all these defendants participated in the same acts, as claimed, or if by reason of concerted action or conspiracy they were all chargeable with all the acts, they may be joined as defendants. * * *

"If the instant allegations set forth a good cause of action against all the defendants, properly joined as defendants, the fact that those allegations may en-

compass a well-alleged cause of action under one of the sets of statutes being considered should not, without some good reason, obligate plaintiffs to attempt to state another cause of action under a statute by simply realleging in part the cause of action already pleaded. Rules of Civil Practice, rule 90, does not command duplication. If the cause of action as alleged does encompass one of these statutory causes of action, that is a mere coincidence, something which the plaintiffs could hardly avoid in endeavoring to obtain the full relief to which they claim to be entitled in the action as pleaded. And defendants have not pointed out how, under this complaint, any of them is deprived of any right to plead and make proof in his own defense, or in his own affirmative behalf."

In my opinion, the complaint in the case at bar states only one cause of action; founded upon the alleged conspiracy of the defendants in violation of the Sherman Act, to the damage of the plaintiffs.

The motion is in all respects denied.