Charles A. Loreto, J.
Defendant moves for summary judgment dismissing the complaint upon the ground of prior final and binding adjudication. The present action is based upon common-law negligence. The prior action, brought in the Federal jurisdiction, was based upon the Jones Act (U. S. *1044 Code, tit. 46, § 688), Upon a trial it went to judgment dismissing the complaint with prejudice. The dismissal resulted from the failure of proof of the complaint allegation that there was a relationship of employee and employer between the parties. This concededly on the papers submitted was the sole determinative issue resulting in the dismissal, the question of negligence not having been reached.
The.. defendant urges that the second action may not lie, claiming that it in fact alleges the same cause, the same injury and the invasion of the same primary right, and cites Baltimore S. S. Co. v. Phillips (274 U. S. 316) as authority. In that case the first action was grounded upon alleged use of defective appliances and the second action was grounded upon negligent operation of the appliances. Thus there was involved one actionable wrong and one recovery that relates to the violation of the duty to use care. There was a single wrongful invasion of a single primary right.
It distinguishes Troxwell v. Delaware, Lackawanna S Western R. R. Co. (227 U. S. 434) which was held to be decided upon the narrow ground that the first suit by a widow was based upon a State statute to recover for death of her husband due to negligent failure to provide safe instrumentalities and where after judgment against the plaintiff the second suit was under the Federal Employers’ Liability Act, alleging as a ground of recovery negligence of a fellow servant. There it was held that the first cause was tried exclusively upon the State statute under which “ there could be no recovery for the negligence of the fellow servants of the deceased ’ ’ and consequently that ground of recovery was not open to plaintiff in her first action.
Luce v. New York., Chicago & St. Louis R. R. Co. (213 App. Div. 374) decided by a three to two vote and affirmed without opinion (242 N. Y. 519) also cited by the defendant, may not be considered authority requiring a contrary holding since there was involved the violation of a single wrongful invasion of a single right, the issue of negligence having been tried in the first action.
In his first suit the plaintiff here had no basis for relief under the Federal statute as an employee. He now says that the single wrongful invasion is of a different primary right, i.e., a common-law right of one not an employee.
Troupe v. Chicago Duluth & Georgian Bay Tr. Co. (234 F. 2d 253) also cited by the defendant, is distinguishable. It was there said that the Jones Act claim in negligence and the maritime claim for unseaworthiness provided the seamen with two different grounds of relief for the commission of the same *1045 wrong and that a judgment on one claim bars a suit based upon the other.
As plaintiff in each instance there sued as a seaman, both claims were upon the same operative facts and therefore constituted but a single cause.
The plaintiff here does not seek vindication in his primary right as an employee seaman but rather at common law and as a nonemployee. Obviously, a cause in the second action based upon that common-law right could not have been litigated in the prior action based upon the plaintiff’s right under the Federal act in his capacity as an employee. The motion is denied.